J-S57020-14

2014 PA Super 259

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSHUA ANTHONY BELKNAP | |
| Appellant | No. 3242 EDA 2013 |

Appeal from the Judgment of Sentence October 25, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001927-2013

BEFORE: DONOHUE, J., MUNDY, J., and STABILE, J.

OPINION BY MUNDY, J.:                    **FILED NOVEMBER 20, 2014**

Appellant, Joshua Anthony Belknap, appeals from the October 25, 2013 judgment of sentence imposing no punishment, after he was found guilty in a bench trial of one count of possession of drug paraphernalia.[1] After careful review, we affirm.

The trial court summarized the relevant facts of this case as follows.

> On the evening of November 22, 2012, at approximately 9:51 P.M., the Brookhaven Police Department was dispatched to Brookhaven Swim Club. Officer Robert Barth was the first to arrive on the scene. Upon arrival, Officer Barth observed a large crowd of people across the street in a gravel parking lot. As he got closer he saw that the group-was surrounding an individual, later identified as [Appellant], who was lying face down on the ground.

---

[1] 35 P.S. § 780-113(a)(32).

Officer Barth asked everyone to clear the area and asked for information about [] [Appellant]. He checked [Appellant's] vitals and discovered that while he was unresponsive, he had a rapid pulse and was breathing. Officer Barth was told by two individuals on the scene that they believed [Appellant] had overdosed on heroin.

Officer Barth administered sternum rub to the [Appellant's] chest, which he explained as a hard rub on the sternum of the chest and an unconscious subject, if they're not totally out, will come to when you administer the rub. Immediately after administering the rub, [Appellant] opened his eyes for a few seconds and then went back out. Officer Barth then searched [Appellant's] pockets for identification purposes. A needle with an orange cap was recovered from his right pocket. Officer Barth testified that he did not smell any alcohol emanating from [Appellant's] person and did not locate alcohol within the general area where [Appellant] was found. Similarly, Officer Barth did not locate any controlled substances in the general area where [Appellant] was found.

Trial Court Opinion, 3/14/14, at 1-2 (citations to notes of testimony and internal quotation marks omitted).

Appellant was subsequently arrested, and on April 17, 2013, was charged with one count of possession of drug paraphernalia. Appellant waived his right to a jury and proceeded to a bench trial on October 16, 2013. At trial, the Commonwealth presented evidence from Officer Barth, who testified that, upon arriving at the scene and attempting to revive an unconscious Appellant, two of his friends indicated that Appellant had overdosed on heroin. N.T., 10/16/13, at 20-21, 25. Appellant's counsel objected to said testimony on the grounds it constituted hearsay, but the

trial court overruled this objection. *Id.* at 21, 26. In reaching this conclusion, the trial court concluded that Officer Barth's testimony was admissible under the medical treatment exception to the hearsay rule, pursuant to Pa.R.E. 803(4). *See id.* at 23-24.

At the conclusion of the Commonwealth's case-in-chief, Appellant made a motion for a directed verdict, and the trial court took the matter under advisement. *Id.* at 51-52, 61-64. Following argument on the matter, the trial court denied Appellant's motion on October 21, 2013. Thereafter, on October 25, 2013, the trial court found Appellant guilty of one count of possession of drug paraphernalia, but declined to impose a sentence of confinement. *See* Trial Court Verdict Slip, 10/25/13; N.T., 10/25/13, at 6, 9. At the time of sentencing, Appellant was on parole in another matter, and was directed by the trial court to comply with the general rules governing probation and parole. N.T., 10/25/13, at 7; Trial Court Order, 10/25/13. Appellant did not file any post-sentence motions. On November 21, 2013, Appellant filed a timely notice of appeal.[2]

On appeal, Appellant raises the following issue for our review.

> I[.] Whether the trial court erred in allowing the hearsay testimony of Officer Robert Barth regarding out-of-court statements made by unidentified individuals who stated to him that [Appellant] may have overdosed in their car

---

[2] Appellant and the trial court have complied with Pa.R.A.P. 1925.

> and that [Appellant] had an addiction to heroin[?]

Appellant's Brief at 7.

In reviewing a trial court's ruling on the admissibility of evidence, our standard of review is one of deference. Questions concerning the admissibility of evidence are "within the sound discretion of the trial court … [and] we will not reverse a trial court's decision concerning admissibility of evidence absent an abuse of the trial court's discretion." **Commonwealth v. Brown**, 52 A.3d 1139, 1197 (Pa. 2012) (citation omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." **Commonwealth v. Mendez**, 74 A.3d 256, 260 (Pa. Super. 2013) (citation omitted), *appeal denied*, 87 A.3d 319 (Pa. 2013). "[I]f in reaching a conclusion the trial court over-rides [sic] or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error." **Commonwealth v. Weakley**, 972 A.2d 1182, 1188 (Pa. Super. 2009) (citation omitted), *appeal denied*, 986 A.2d 150 (Pa. 2009).

"Hearsay means a statement that … the declarant does not make while testifying at the current trial or hearing; and … a party offers in evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c). "Hearsay is not admissible except as provided by [the Pennsylvania Rules of Evidence], by other rules prescribed by the Pennsylvania Supreme Court, or

by statute." Pa.R.E. 802. However, an out-of-court statement is not hearsay when it is introduced for the purpose of establishing the fact that the statement itself was made, rather than for the truth of that statement. *Cf.* Pa.R.E. 801(c). This is true whether or not the declarant is available. *Id.*

> This Court has long recognized that to insure a party the guarantees of trustworthiness resulting from a declarant's presence in court, a proponent of hearsay evidence must point to a reliable hearsay exception before such testimony will be admitted. Thus, the burden of production is on the proponent of the hearsay statement to convince the court of its admissibility under one of the exceptions.

*Commonwealth v. Smith*, 681 A.2d 1288, 1290 (Pa. 1996) (internal quotation marks and citations omitted).

In the instant matter, the trial court permitted Officer Barth to testify as to hearsay statements that were made to him by Appellant's friends as he attempted to resuscitate Appellant. Officer Barth testified, over Appellant's objections, as follows.

> Q. [Commonwealth:] Okay. And you said that you had asked what happened. At some point in trying to determine what course of action to take with [Appellant] did you receive any information as to what had happened?
>
> A. [Officer Barth:] Yes. There was (sic) two subjects there that identified themselves as [Appellant's] friends. They notified me that he went unconscious in their vehicle and they believed he overdosed.

[Appellant's Counsel]: Objection, Your Honor. That is the hearsay statement.

…

Q. [Commonwealth:] Did you get an indication of what he overdosed on?

A. [Officer Barth:] They also said that [Appellant] was – had an addiction to heroin that he was fighting on and off for years.

[Appellant's Counsel]: Objection, Your Honor, that is also speculative. We don't know how they know unless he's carrying the drugs or presently …

N.T., 10/16/13, at 20-21, 25.

Appellant contends that the trial court abused its discretion in concluding that Officer Barth's testimony was admissible under the medical treatment exception to the hearsay rule. Appellant's Brief 11, 15-18. Appellant maintains that the trial court's reliance on Rule 803(4) is misplaced, as the medical treatment exception is limited to out-of-court statements made to physicians and nurses, and the statements in question "had little impact on the course of action he took when he arrived on location." *Id.* at 16. Appellant further argues that this testimony "was inherently unreliable[,]" and the trial court abused its discretion in allowing it to be admitted into evidence. *Id.* at 10, 18-19. For the following reasons, we disagree.

As noted, Pennsylvania Rule of Evidence 803 enumerates various exceptions to the general inadmissibility of hearsay testimony, including the

one at issue here. Rule 803(4) excludes from the hearsay rule statements made for the purposes of medical diagnosis and treatment (the "medical treatment exception"), and provides as follows.

> **Rule 803. Exceptions to the Rule Against Hearsay--Regardless of Whether the Declarant Is Available as a Witness**
>
> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> …
>
> **(4) Statement Made for Medical Diagnosis or Treatment.** A statement that:
>
> (A) is made for-- and is reasonably pertinent to -- medical treatment or diagnosis in contemplation of treatment; and
>
> (B) describes medical history, past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof, insofar as reasonably pertinent to treatment, or diagnosis in contemplation of treatment.
>
> *Comment:* Pa.R.E. 803(4) differs from F.R.E. 803(4) in that it permits admission of statements made for purposes of medical diagnosis only if they are made in contemplation of treatment. Statements made to persons retained solely for the purpose of litigation are not admissible under this rule. **The rationale for admitting statements for purposes of treatment is that the declarant has a very strong motivation to speak truthfully**. This rationale is not applicable to statements made for purposes of litigation. Pa.R.E. 803(4) is consistent with Pennsylvania law. *See* [***Smith***, ***supra*** at 1288].
>
> …

- 7 -

> This rule is not limited to statements made to physicians. Statements to a nurse have been held to be admissible. *See Smith, supra*. Statements as to causation may be admissible, but statements as to fault or identification of the person inflicting harm have been held to be inadmissible. *See Smith, supra*.

Pa.R.E. 803(4) (citation formatting corrected; emphasis added).

"The medical treatment exception provides that testimony repeating out-of-court statements made for the purposes of receiving medical treatment are admissible as substantive evidence." *Commonwealth v. Fink*, 791 A.2d 1235, 1246 (Pa. Super. 2002) (citation omitted). This is true "regardless whether the declarant is available as a witness." *Commonwealth v. D.J.A.*, 800 A.2d 965, 975 (Pa. Super. 2002), *appeal denied*, 857 A.2d 677 (Pa. 2004), *appeal denied*, 959 A.2d 928 (Pa. 2004). The following two requirements must be satisfied in order for a statement to qualify as a medical treatment exception: (1) the statement must be made for the purpose of receiving medical treatment; and (2) the statement must be necessary and proper for diagnosis and treatment. *Id.* at 976 (citation omitted).

Upon review, we discern no abuse of discretion on the part of the trial court in concluding that Appellant's aforementioned hearsay claim was devoid of merit. The record reflects that Officer Barth testified pursuant to the medical treatment exception that, prior to his attempt to revive an unconscious Appellant, he inquired as to what had transpired and two of

Appellant's friends indicated that he had overdosed on heroin. N.T., 10/16/13, at 20-21, 25. First, these statements in question were clearly made for the sole purpose of obtaining "medical treatment or diagnosis" on behalf of Appellant. *See* Pa.R.E. 803(4)(A). The record reflects that Appellant was found lying face down and unconscious in the Brookhaven Swim Club Parking Lot, surrounded by a group of individuals, and Officer Barth, the first to respond to the scene, immediately inquired as to the possible cause of Appellant's condition in order to determine how to proceed. N.T., 10/16/13, at 18-20.

Second, although Officer Barth testified on cross-examination that the information he received from Appellant's friends "didn't change the way [he] dealt with [Appellant,]" said statements described a possible cause of Appellant's unconsciousness, which were "reasonably pertinent to [his] treatment[,]" of Appellant. *See* Pa.R.E. 803(4)(B); N.T., 10/16/13, at 26. The record reflects that at the time of this incident, Officer Barth was an 18-year veteran of the Brookhaven Police Department and was trained in the practice of resuscitating victims who may have suffered a drug overdose, like Appellant in the case *sub judice*, by performing a sternum rub. N.T., 10/16/13, at 17, 27-28.

Third, the statements of Appellant's friends at the scene carried a strong assurance of reliability, in that they were evidently made in order to assist Officer Barth in the timely resuscitation of Appellant, who was

unconscious and lying face down in a parking lot at the time of Officer Barth's arrival. This Court has long recognized that statements proffered under Rule 803(4) are subject to a two-part reliability test. "First, the declarant must have a motive consistent with obtaining medical care. Second, the content of the statement must be such as is reasonably relied upon by medical personnel for treatment or diagnosis." ***Smith***, ***supra*** at 1291 (citation omitted).

Fourth, the admission of this aforementioned testimony did not deprive Appellant of a fair trial. The record reflects that the trial court, sitting as factfinder, explicitly disregarded the testimony concerning Appellant's prior heroin use, and considered this testimony for the sole purpose of the medical treatment exception. ***See*** N.T., 10/16/13, pp. 43-44.

Lastly, we note that, contrary to Appellant's contention, the medical treatment exception to the hearsay rule set forth in Rule 803(4) is not **expressly limited** to statements made to licensed medical professionals such as physicians or nurses. ***See*** Appellant's Brief at 16, *referencing* ***Smith***, ***supra***.[3] Nor has our own independent research yielded any case law

---

[3] ***Smith*** is distinguishable from the instant matter. In ***Smith***, our Supreme Court refused to expand the scope of the medical treatment exception beyond its relatively limited nature to include the identity of a perpetrator. Smith involved a nurse treating a young child suffering from severe burns that asked the child what happened to her, and the child responded that,
*(Footnote Continued Next Page)*

in this Commonwealth indicating that this is the case. Rather, as noted, the official comment to Rule 803(4) states that "[t]his rule is not limited to statements made to physicians[,]" and statements as to causation, *e.g.* how the person sustained the injury, may be admissible. Pa.R.E. 803(4) *Comment*; *see also Fink*, *supra* (stating, "a statement comes within this exception when … [it] relat[es] to the cause of the injury … and … as to how the person sustained the injuries…[]").

Instantly, Officer Barth, the first-responder at the scene in question, testified that when he arrived on the scene, he noticed a large group of people across the street in a parking lot. N.T., 10/16/13, at 19. Upon getting close, Officer Barth saw Appellant lying face down in the gravel. *Id.* The first thing Officer Barth did was ask the group to move out of his way and to tell him what happened. *Id.* As this was transpiring, Officer Barth approached Appellant, rolled him over and checked his vital signs, including his pulse and verified that he was breathing. *Id.* at 20. It was during these moments, when Officer Barth was actually trying to assess Appellant's condition and provide first-response, emergency medical treatment that the declarants, two of Appellant's friends, told Officer Barth that Appellant had

*(Footnote Continued)* ───────────────

"[d]addy turned on the hot water and daddy put me in the water." *Smith*, *supra* at 1290. The *Smith* Court set forth the prevailing view that the identity of the assailant or perpetrator who may have caused the injury for which medical treatment is being sought, is not within the medical treatment exception because the identity of the abuser is not pertinent to medical treatment. *Id.* at 1291-1293.

gone unconscious in their vehicle and they believed he had overdosed. *Id.* at 21. Therefore, the certified record reveals the declarants made their statements to Officer Barth, a trained first responder, specifically in the context of his trying to assess Appellant's then-present condition, symptoms, and the cause thereof. As a result, it logically follows, the statements in this case were made for the purpose of securing medical treatment, as he was providing first-response, emergency medical treatment. As a result, we conclude the statements were admissible under Rule 803(4). *See Brown*, *supra*.

Based on the foregoing, we discern no abuse of discretion on the part of the trial court in concluding Appellant's hearsay claim is devoid of merit. Accordingly, the trial court's October 25, 2013 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2014