J-A25039-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WANYA ROSSER, | : | |
| | : | |
| Appellant | : | No. 3258 EDA 2013 |

Appeal from the Judgment of Sentence June 4, 2013,
Court of Common Pleas, Montgomery County,
Criminal Division at No. CP-46-CR-0008571-2010

BEFORE:  DONOHUE, WECHT and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED MARCH 16, 2015**

Appellant, Wanya Rosser ("Rosser"), appeals from the judgment of sentence following his convictions of rape, 18 Pa.C.S.A. § 3121(a)(1), sexual assault, 18 Pa.C.S.A. § 3124.1, indecent assault, 18 Pa.C.S.A. § 3126(a)(1), indecent assault by forcible compulsion, 18 Pa.C.S.A. § 3126(a)(2), recklessly endangering another person, 18 Pa.C.S.A. § 2705, and terroristic threats, 18 Pa.C.S.A. § 2706(a)(1).  For the reasons that follow, we vacate the judgment of sentence and remand for a new trial.

On April 27, 2012, the trial court declared a mistrial after the jury was unable to reach a verdict.  On January 17, 2013, a second jury found Rosser guilty of the above-referenced crimes.  On June 4, 2013,[1] the trial court

---

[1]  Rosser purports to appeal from the trial court's order denying his post-sentence motions.  A direct appeal in a criminal proceeding is instead from

*Retired Senior Judge assigned to the Superior Court.

sentenced Rosser to an aggregate term of imprisonment of not less than six and one half nor more than thirteen years of imprisonment, followed by seven years of probation.[2]

This direct appeal followed, in which Rosser presents two issues for our review and determination:

1. Did the trial court abuse its discretion in denying the Appellant's post sentence motion for a new trial insofar as his convictions for rape, sexual assault, indecent assault, indecent assault by forcible compulsion, simple assault, recklessly endangering another person and terroristic threats are manifestly against the weight of the evidence presented at trial?

2. Did the trial court violate the Appellant's right to confront the witnesses against him as guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution by granting the Commonwealth's objection to defense counsel's attempt to cross-examine the alleged victim regarding her conversation with Appellant during the walk to her house as such testimony was aimed at establishing the complainant's motive to fabricate the allegations against Appellant?

Rosser's Brief at 5.

We will address Rosser's second issue, as we consider it to be dispositive. As set forth at length in its written opinion pursuant to Rule

_____

the judgment of sentence. ***Commonwealth v. Preacher***, 827 A.2d 1235, 1236 n.1 (Pa. Super. 2003). We have amended the caption accordingly.

[2] The trial court initially sentenced Rosser to nine years of probation, but later granted his post-sentence motion to vacate his conviction for simple assault, which resulted in a reduction of his probationary period to seven years. The trial court denied all other post-sentence motions.

1925(a) of the Pennsylvania Rules of Appellate Procedure, the trial court's review of the evidence reflects that the Commonwealth's principal witness, Shannon Ryan ("Ryan"), testified that Rosser attacked and forcibly raped her, and that she did not struggle during the rape and acquiesced in certain of his requests thereafter (including to give him her real name and phone number and to allow him to walk her to her door) to gain his trust so that he would not hurt or even kill her. Conversely, Rosser's principal defense was that the sexual intercourse with Ryan was consensual and that she was a willing participant during the entire episode (including the walk to her door and the exchange of the phone number).

At the end of Ryan's cross-examination at the first trial, the following exchange occurred:

Q. Ms. Ryan, it is true that when you got up to your house and you were waiting there and you gave him your phone number and he was entering it into your phone, you asked him when am I going to see you again; isn't that true?

A. He entered nothing into my phone. I was not waiting there for him. I was waiting for him to finish taking the number so I can finish whatever it was that I was able to take from this rape and turn it into what seemed to be a meet-cute in a movie and got inside my house.

Q. And he told you, I can't see you again, we could be friends, but I have a girlfriend, didn't he?

A. Absolutely not.

[Commonwealth]: Objection, Your Honor.

[Trial Court]: All right. Sustained. That objection is sustained. Strike that question from your deliberations. Okay?

[Counsel for Rosser]: Your Honor, may we see you at sidebar?

(A conference was held in the robing room, not reported.)

N.T., 4/24/2012, at 289-90.

Before the second trial, Rosser filed a motion in limine seeking to pursue at the second trial this same line of cross-examination regarding his alleged girlfriend.[3] The Commonwealth filed a conflicting motion in limine to prohibit any such cross-examination. The trial court granted the Commonwealth's motion in limine, concluding that the questioning elicited hearsay testimony (Rosser's alleged statements to Ryan). The trial court precluded Rosser's counsel from pursuing this line of cross-examination unless he could represent that he was going to introduce other evidence to support Rosser's statement about his girlfriend and their child. N.T., 1/14/2013, at 25. In its Rule 1925(a) opinion, the trial court contends that its ruling regarding the hearsay nature of the proposed line of cross-examination was correct. Trial Court Opinion, 1/24/2014, at 15-17. The

---

[3] Rosser's proposed cross-examination also included that he informed her that he could not see her again because he and his girlfriend had a child together.

trial court also argues that even if incorrect, its ruling constituted harmless error.

In evaluating the denial or grant of a motion in limine, our standard of review is to apply the abuse of discretion standard used for other evidentiary rulings. ***Commonwealth v. Belani***, 101 A.3d 1156, 1160 (Pa. Super. 2014). "A trial court has broad discretion to determine whether evidence is admissible," and a trial court's ruling regarding the admission of evidence "will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." ***Commonwealth v. Huggins***, 68 A.3d 962, 966 (Pa. Super. 2013), *appeal denied*, 80 A.3d 775 (Pa. 2013).

The Confrontation Clause in the Sixth Amendment to the United States Constitution provides that all criminal defendants enjoy "the right to confront and cross-examination adverse witnesses." ***Commonwealth v. Laird***, 988 A.2d 618, 630 (Pa.), *cert. denied*, 131 S.Ct. 659 (2010). As the United States Supreme Court has explained, "the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." ***Delaware v. Van Arsdall***, 475 U.S. 673, 678 (1986).

The trial court's ruling that the proposed line of cross-examination was hearsay was clear error. The questions at issue were not aimed at eliciting hearsay testimony from Ryan because they were not directed at proving the

truth of the matter asserted, i.e., as substantive evidence that Rosser had a girlfriend and baby. Instead, the proposed line of questioning was directed at exposing Ryan's alleged motive for fabricating the rape charges. Rule 801(c) of the Pennsylvania Rules of Evidence defines hearsay as "a statement that . . . the declarant does not make while testifying at the current trial or hearing; and . . . a party offers in evidence to prove the truth of the matter asserted in the statement."). Pa.R.E. 801(c). In a recent case, this Court reiterated that "an out-of-court statement is not hearsay when it is introduced for the purpose of establishing the fact that the statement itself was made, rather than for the truth of that statement.". **Commonwealth v. Belknap**, 105 A.3d 7, 10 (Pa. Super. 2014). The questions at issue were intended merely to show that Rosser said these things to Ryan (about a girlfriend and a child) – which allegedly dashed her hopes for a romantic relationship and thus motivated her to fabricate false rape accusations in retaliation.

In its Rule 1925(a) opinion, the trial court argues that even if its evidentiary ruling prohibiting Rosser from pursuing the proposed line of questioning was in error, it was harmless because the Commonwealth presented a "strong overall case." Trial Court Opinion, 1/24/2014, at 17. In particular, the trial court contends that there was "an absence of evidence contradicting Ryan's testimony" and "an abundance of circumstantial evidence corroborating Ryan's testimony. **Id.** at 18. Accordingly, the trial

court concludes that Rosser's questions about Ryan's motives "would not have been able to convince a reasonable finder of fact of his theory." **Id.**

We cannot agree that the trial court's exclusion of Rosser's proposed line of cross-examination was harmless error. Where a violation of an appellant's rights under the Confrontation Clause are at issue, harmless error exists where: (1) the error did not prejudice the defendant or the prejudice was de minimis; (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict. **See, e.g.**, **Commonwealth v. Atkinson**, 987 A.2d 743, 751-52 (Pa. Super. 2009) (quoting **Commonwealth v. Hutchinson**, 571 Pa. 45, 811 A.2d 556, 561 (2002), *cert. denied*, 540 U.S. 858 (2003)).

With regard to the prejudice analysis,

> [w]hile some constitutional claims by their nature require a showing of prejudice with respect to the trial as a whole, the focus of the Confrontation Clause is on individual witnesses. Accordingly, the focus of the prejudice inquiry in determining whether the confrontation right has been violated must be on the particular witness, not on the outcome of the entire trial. It would be a contradiction in terms to conclude that a defendant denied any opportunity to cross-examine the witnesses against him nonetheless had been afforded his right to

> confront[ation] because use of that right would not have affected the jury's verdict. We think that a criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby to expose to the jury the facts from which jurors ... could appropriately draw inferences relating to the reliability of the witness.

**Van Arsdall**, 475 U.S. at 680 (citations and internal quotation marks omitted).

The Commonwealth's case against Rosser depended almost entirely on Ryan's credibility with the jury. As a result, Rosser was prejudiced by the trial court's refusal to permit his counsel to "engag[e] in otherwise appropriate cross-examination" designed to show Ryan's alleged motivation to misrepresent what occurred on the night at issue. The questions regarding Rosser's alleged statements about his inability to have a romantic relationship with Ryan because of his girlfriend and baby were crucial to Rosser's attempts to call Ryan's credibility with the jury into question. While it is true, as the trial court states, that various circumstantial evidence (including surveillance videos and the SANE report) supports Ryan's version of events, this evidence is also consistent with Rosser's consent defense. In short, the Commonwealth's most important evidence (by far) is Ryan's testimony, and Rosser has a constitutionally protected right to cross-examine her to attempt to convince the jury that her version of events is not

credible. Rosser's proposed line of cross-examination questions constitutes a prototypical ***Van Arsdall*** attempt "to expose to the jury the facts from which jurors ... could appropriately draw inferences relating to the reliability of the witness." The trial court's error prejudiced Rosser in his cross-examination of Ryan.

The learned Dissent misses the mark with its contention that Rosser's "full and fair opportunity to cross-examine" Ryan was properly limited to the issues raised by the Commonwealth during direct examination. By rule, the scope of permissible cross-examination is not limited to the subject matter of direct examination. Rule 611(b) of the Pennsylvania Rules of Evidence provides that the scope of cross-examination "should be limited to the subject matter of the direct examination **and matters affecting credibility** ...." Pa.R.E. 611(b) (emphasis added). Rosser's proposed line of questions regarding Ryan's alleged motivation to fabricate evidence constitutes "matters affecting credibility," and was therefore was not outside the scope of permissible cross-examination. The trial court thus had no discretion to circumscribe cross-examination in the manner recommended by the Dissent.

Moreover, the Dissent apparently misconstrues the nature of our ruling here, as this Court takes no "great leap" and does not conclude that Rosser's proposed cross-examination "would show" that Ryan's hopes for a relationship were in fact dashed. Instead, we hold only that Rosser has the constitutional right to **attempt** to establish his defense through cross-

examination of motive. It is not this Court's proper function to predict whether Rosser will or will not be successful in convincing the jury of the merits of his defense, and we plainly have not done so.

For these reasons, the judgment of sentence must be vacated and the case remanded to the trial court for a new trial. Jurisdiction relinquished.

Wecht, J. joins the Memorandum.

Platt, J. files a Dissenting Memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2015

- 10 -