J-S61041-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| R.C.S., | : | |
| | : | |
| Appellant | : | No.  33 MDA 2015 |

Appeal from the Judgment of Sentence Entered December 3, 2014,
in the Court of Common Pleas of Perry County,
Criminal Division, at No(s): CP-50-CR-0000349-2012

BEFORE:    PANELLA, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED NOVEMBER 20, 2015**

R.C.S. (Appellant) appeals from the judgment of sentence imposed following his convictions for involuntary deviate sexual intercourse (IDSI) with a complainant who suffers a mental disability; aggravated indecent assault with a complainant who suffers a mental disability; statutory sexual assault of a person under the age of 16; endangering the welfare of children; corruption of minors; possession of a controlled substance with intent to deliver; and possession of drug paraphernalia. We affirm.

Appellant was arrested in August of 2012 and charged with the aforementioned offenses, related to allegations of ongoing sexual abuse of his minor daughter. During the execution of a search warrant on Appellant's home, officers from the Penn Township police department photographed and

*Retired Senior Judge assigned to the Superior Court.

seized several sexual devices, including two vibrating dildos, a large plastic penis, and a penis ring.

The matter proceeded to a jury trial. On May 29, 2014, Appellant made an oral motion to preclude the admission of the sexual devices. The trial court denied this request. The devices were admitted as evidence at trial over Appellant's objection and displayed to the jury during the Commonwealth's case-in-chief.

At the conclusion of trial, the jury convicted Appellant of the aforementioned charges. On December 3, 2014, the sentencing court, having determined that Appellant was not a sexually violent predator, imposed upon Appellant an aggregate sentence of 15½ to 31 years of imprisonment. This timely-filed appeal followed. Both the trial court and Appellant complied with the requirements of Pa.R.A.P. 1925.

Appellant raises the following issue on appeal: "Did the trial court abuse its discretion by admitting various sex toys into the record, and permitting their publication to the jury, where the prejudicial impact of such evidence outweighed its probative value?" Appellant's Brief at 4 (footnote omitted).

Our standard of review is well-settled.

> In reviewing a trial court's ruling on the admissibility of evidence, our standard of review is one of deference. Questions concerning the admissibility of evidence are within the sound discretion of the trial court ... [and] we will not reverse a trial court's decision concerning admissibility of evidence absent an

abuse of the trial court's discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. [I]f in reaching a conclusion the trial court over-rides [sic] or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

*Commonwealth v. Belknap*, 105 A.3d 7, 9-10 (Pa. Super. 2014) (citations and quotations omitted).

On appeal, Appellant does not challenge the relevance of the sexual devices.[1] Rather, Appellant contends that admission of the sexual devices was inflammatory and unduly prejudicial; thus, the trial court erred in failing to balance the prejudicial effect of the evidence against its probative value, and by failing to place its rationale in denying Appellant's oral motion on the record. Appellant's Brief at 9. Additionally, Appellant argues that the trial court erred in failing to consider the less prejudicial option of admitting photographs of the sexual devices in lieu of presenting the actual items to the jury. *Id.* at 10.

Pennsylvania Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

---

[1] Indeed, prior to trial, defense counsel stipulated "that certain sexual toys were seized from the residence" while maintaining her belief that "the jury did not need to see them." N.T., 5/29/2014, at 9.

- 3 -

cumulative evidence." The Comment to Rule 403 explains that "[u]nfair prejudice means a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially."

Contrary to Appellant's argument on appeal, there is no requirement that the trial court place on the record its analysis of the aforementioned balancing test. As this Court recently explained,

> [an appellant] is entitled to no relief resulting from the trial court's failure to articulate its balancing test on the record. We presume that trial courts know the law, and there is nothing in this record to suggest that this trial court did not understand its duty to weigh the evidence in accord with the Rules of Evidence. Such weighing and the general consideration of the admissibility of evidence is a discretionary ruling which trial courts routinely engage in mentally. There is no requirement that it record these mental deliberations on the record. We are satisfied from the trial court's discussion of why it considered the [] evidence admissible that it understood the applicable criteria, and mentally engaged in the appropriate balancing test. Appellant's argument that the trial court has to think out loud has no merit, and we reject it.

***Commonwealth v. Hairston***, 84 A.3d 657, 667 (Pa. 2014).

Moreover, a review of the record convinces us the trial court properly concluded that admission of the sexual devices to the jury did not create a danger of confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Appellant was charged with myriad crimes, including IDSI, which required the Commonwealth to prove as an element of the offense that Appellant engaged in deviate sexual

intercourse. The term "deviate sexual intercourse" includes "penetration, however slight, of the genitals or anus of another person **with a foreign object** for any purpose other than good faith medical, hygienic or law enforcement procedures." 18 Pa.C.S. § 3101 (emphasis added). As the Commonwealth explained, "[d]uring her interview at the Children's Resource Center […] [the victim] testified as to specific sex toys that were used on her, those -- some of those items were seized and they're corroborative evidence." N.T., 5/29/2014, at 10.

Finally, we discern no undue prejudice to Appellant. Although he contends that the decision to publish to the jury "grotesque, highly inflammatory sex toys" was designed to "[assail] the sensibilities of the jury, which was already contending with graphic and disturbing testimony fraught with credibility issues," Appellant's Brief at 11, we are cognizant that the rule providing for the exclusion of unfairly prejudicial, yet relevant, evidence does not require the court to "sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged." *Commonwealth v. Page*, 965 A.2d 1212, 1220 (Pa. Super. 2009). Based on our review of the record, admission of the sexual devices did not have the tendency to suggest decision on an improper basis, nor did it divert the jury's attention away from its duty of weighing the evidence impartially.

Finally, we cannot conclude that it was an abuse of discretion to admit the sexual devices themselves, as opposed to photographs of those items. The record reflects that Appellant did not seek this alternative in his pre-trial motion. Nonetheless, as is the case with the admission of weapons or narcotics evidence, such evidence is clearly admissible where it can be shown that the evidence was used in the crime charged. ***See, e.g., Commonwealth v. Stokes***, 78 A.3d 644, 654 (Pa. Super. 2013) (discussing generally the admissibility at trial of physical evidence directly connected to the crime charged). As outlined above, the Commonwealth met this burden, and the trial court determined that probative value of the evidence outweighed any prejudicial effect. Therefore, the Commonwealth was entitled to present the sexual devices to the jury.

For all of the foregoing reasons, we hold that Appellant is not entitled to relief. Thus, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2015