J-A19021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT G. GARDNER | : | |
| | : | |
| Appellant | : | No. 3034 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 16, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0014343-2013

BEFORE: BOWES, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:          **FILED DECEMBER 7, 2023**

Appellant, Vincent G. Gardner, appeals a judgment of sentence entered by the Court of Common Pleas of Philadelphia County (trial court). Following a jury trial, Appellant was found guilty of robbery, burglary, conspiracy to commit burglary, and possession of a firearm by a prohibited person. The trial court imposed mandatory minimum prison terms of 25 to 50 years as to the robbery and burglary counts, each to be served concurrently. Consecutive terms were imposed as to the conspiracy count (25 to 50 years) and the weapon possession count (five to 10 years).

In this appeal, Appellant contends that the evidence was insufficient to convict him of robbery and conspiracy to commit burglary, and that the trial court erroneously admitted evidence of an unrelated homicide. Although we

_____

[*] Retired Senior Judge assigned to the Superior Court.

find no merit in Garnder's claims, the judgment of sentence must nevertheless be vacated because, as the Commonwealth notes, the trial court misapplied the Three Strikes Law (42 Pa.C.S.A. § 9714(a)(2)), resulting in an illegal sentence enhancement.

The incident giving rise to this case occurred on July 14th, 2013, at about 2:30 a.m., when Appellant and his brothers, Haleem and Quantel, knocked on the front door of a home located at 2829 Wharton Street in Philadelphia, Pennsylvania. The homeowner's thirteen-year-old nephew, C.H., answered by cracking open the front door. As he did so, Haleem asked him if his uncle (Stephon Hill) was home, and C.H. replied that Hill was out. C.H. then tried to close the door, but Haleem pushed his way inside and held a silver revolver to the juvenile's head. ***See*** N.T. Trial, 9/17/2014, at 35-37.

Haleem, Quantel, and Appellant entered the home and demanded that C.H. tell them where Hill kept his drugs, money, and guns. C.H. answered that he did not know where those items were kept, and in response, Haleem forced the barrel of a handgun down C.H.'s throat while threatening to open fire. Quantel also punched C.H. in the face, leaving a bruised and bloody lip. ***See id***., at 37.

While C.H. was being held at gunpoint, Appellant and Quantel searched the home. Finding no valuables after looking for about 15 minutes, the three brothers departed. The incident was not immediately reported to the police, but C.H. did inform his mother and Stephon Hill about what had happened.

The next day, Hill confronted Haleem and struck him several times. Hill also took a silver revolver from Haleem and gave it to his friend, Jacques Charles, for safekeeping. Later that same evening, as C.H. was walking with Charles down a street in their neighborhood, Charles was fatally shot. A revolver was found near Charles' body, and it matched the description of the weapon Hill took from Haleem and gave to Charles after the home invasion the previous night. Ammunition for the revolver was found in Charles' pocket.

Police spoke with C.H. in the course of their murder investigation. C.H. told them that he had seen Haleem and two unidentified men just prior to the shooting. He also reported the home invasion from the previous evening. On two subsequent occasions, C.H. repeated his account of the home invasion to a grand jury convened for the purpose of indicting Appellant and his brothers on charges related to that incident.

Hill, in turn, was interviewed by police, and he admitted to giving Charles the silver revolver he had taken from Haleem after assaulting him. Hill's statements were transcribed and signed by Hill. The revolver and bullets recovered from the scene of the homicide were deemed admissible at a pretrial hearing, and Appellant's counsel did not object to that ruling. **See** N.T. Preliminary Hearing, 9/15/2014, at 4, 22.

The subject trial began on September 16, 2014.[1] Appellant and his brother, Quantel, were tried together as co-defendants, but the third brother,

_____

[1] The first trial concluded with a hung jury, and a mistrial was granted on June 3, 2014.

Haleem, was never located. The central witnesses for the prosecution were C.H. and Stephon Hill, both of whom were compelled to testify by the trial court. C.H. claimed to have no memory of the events in question, and he denied Appellant's culpability. Stephon Hill went so far as to suggest that the police had fabricated his written statements identifying Appellant and his brothers as the perpetrators of the home invasion. The witnesses were deemed hostile, and the prosecution introduced their pretrial statements as substantive evidence of Appellant's guilt. *See* N.T. Trial, 9/17/2014, at 33-55, 169-91.[2]

At the conclusion of the trial, Appellant was found guilty and sentenced as outlined above. Notably, the trial court enhanced Appellant's sentence on the burglary and robbery counts pursuant to the Three Strikes Law. *See* N.T. Sentencing Hearing, 4/16/2015, at 33-34.

Appellant appealed, but his brief was not timely filed and the appeal was dismissed. A successful petition for postconviction relief resulted in the reinstatement of Appellant's appellate rights. Appellant filed a brief in the second appeal with the aid of counsel, challenging the sufficiency of the evidence and the admission of the gun and bullets found at the scene of the Charles shooting. On review, this Court determined that the issues were

_____

[2] C.H.'s mother (Helen Hill) was also compelled to testify at Appellant's trial. *See* N.T. Trial, 9/16/2014, at 137. Although Helen Hill denied having any knowledge of Appellant's crimes against C.H., she signed her son's written statements identifying Appellant as one of his assailants during the home invasion. *See id*. at 117-18.

waived because they had not been sufficiently developed. **See Commonwealth v. Gardner**, No. 624 EDA 2019, unpublished memorandum (Pa. Super. filed April 16, 2021).

Once more, Appellant petitioned for postconviction relief, asserting in part that his appellate counsel had performed ineffectively by waiving both of his claims. The Commonwealth agreed with that contention, recommending that Appellant's appellate rights be reinstated a second time, *nunc pro tunc*, so that this Court could consider whether his two claims have merit. An order to that effect was entered on November 17, 2022.

Appellant then filed a notice of appeal and a 1925(b) statement reiterating his prior grounds, and the trial court entered a 1925(a) opinion giving the reasons why the judgment of sentence should be upheld. **See** Trial Court 1925(a) Opinion, 1/4/2023, at 4-23. In his brief, Appellant now raises the following two claims for our consideration:

> I. Whether the verdict was insufficient as a matter of law as to robbery and conspiracy to commit burglary[.]
>
> II. Whether the trial court erred when it allowed [into evidence] a firearm and bullets from an unrelated homicide[.]

Appellant's Brief, at 7 (suggested answers omitted).

The Commonwealth responds that the evidence was legally sufficient, and that the evidentiary issue is without merit. However, the Commonwealth also requests relief on Appellant's behalf, arguing that the trial court erred by imposing multiple enhancements pursuant to the Three Strikes Law because

the subject offenses were committed during a single criminal transaction. **See** Brief of Appellee, at 12.

Appellant's first claim is that the evidence of robbery[3] and conspiracy to commit burglary[4] was insufficient to sustain his convictions. No specific element of either offense has been disputed. The gist of Appellant's contention, rather, is that the Commonwealth did not prove any of the elements of either count as a matter of law because the witnesses who identified him had recanted at trial.

"Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo*, and our scope of review is plenary." **Commonwealth v. Williams**, 176 A.3d 298, 305 (Pa. Super. 2017). "[W]e must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt." **Id**. "[T]he finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence

---

[3] Robbery is be committed where a person, "in the course of committing a theft . . . commits or threatens immediately to commit any felony of the first or second degree[.]" 18 Pa.C.S.A. § 3701(a)(1)(iii).

[4] Burglary is committed where a person enters an occupied residence and commits a bodily injury crime therein. **See** 18 Pa.C.S.A. § 3502(a)(1). A conspiracy to commit an offense occurs where a person agrees with another person to engage in conduct which constitutes a crime. **See** 18 Pa.C.S.A. § 903(a).

produced, is free to believe all, part, or none of the evidence." *Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014).

The recanted statements of a testifying witness may constitute substantive evidence of a defendant's guilt. *See Commonwealth v. Brown*, 52 A.3d 1139, 1184 (Pa. 2012). Pennsylvania courts have "fully embraced the view that it is the finder-of-fact's ability to make in-person observations of the witness at the time of trial, as he or she explains the reasons for the prior statement, which is most crucial to its assessment of the witness's credibility." *Id*. at 1169.

In the present case, the evidence was sufficient to prove Appellant's guilt beyond a reasonable doubt despite the recantations of the Commonwealth's witnesses who had identified him. The pretrial statements of C.H. and Stephon Hill, if accepted as true, proved that Appellant conspired with his brothers to rob the home occupied by C.H. The jury in this case had the opportunity to assess the credibility of C.H. and Hill as they gave their reasons for denying the truth of those prior statements. The jury's apparent decision to disregard the recantations is a determination on evidentiary weight and credibility which we have no basis to disturb on appeal. *See id*. at 1171.

Appellant's second claim is that the trial court erred in admitting a firearm and bullets recovered from the scene of Jacques Charles' fatal shooting. A trial court's ruling on the admissibility of evidence is subject to an abuse of discretion standard:

> Questions concerning the admissibility of evidence are within the sound discretion of the trial court and we will not reverse a trial court's decision concerning admissibility of evidence absent an abuse of the trial court's discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. If in reaching a conclusion the trial court overrides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

*Commonwealth v. Belknap*, 105 A.3d 7, 9-10 (Pa. Super. 2014) (citations omitted).

"Relevance is the threshold for admissibility of evidence." *Commonwealth v. Tyson*, 119 A.3d 353, 358 (Pa. Super. 2015) (*en banc*) (citation omitted). Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E. 401. "The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

Here, the trial court did not abuse its discretion in admitting into evidence the firearm and bullets because they corroborated the pretrial statements of C.H. and Hill. Each of these witnesses initially had identified Appellant as one of three intruders who entered the house at 2829 Wharton Street and assaulted C.H. with a revolver. According to their pretrial statements, Hill retaliated the next day by attacking Appellant's brother and

taking from him the same revolver used in the home invasion. Hill told police that he gave the gun to Charles.

An identical revolver was found near Charles' body after he was shot. The bullets found in Charles' pocket were compatible with it, confirming that the decedent had indeed possessed the gun at the time of the shooting.

At trial, the recantations of C.H. and Hill made it imperative for the jury to assess the veracity of their pretrial statements. The physical evidence taken from the scene of the shooting was relevant to that determination because it refuted the witnesses' denial of Appellant's guilt. That is, Charles' possession of the gun tended to show that Hill had retaliated against Appellant's brother and taken the weapon because Appellant and his brothers had, in fact, attacked C.H. the prior evening.

The probative value of the disputed evidence was not outweighed by the danger of any of the improper uses enumerated in Pa.R.E. 403. There was never any suggestion at trial that Appellant was responsible for Charles' death. The revolver and bullets were not cumulative of any other evidence. Thus, we discern no abuse of discretion in the trial court's ruling that this relevant evidence was admissible.

The final issue raised in this appeal is asserted by the Commonwealth – that Appellant received an illegal sentence because the burglary and robbery offenses occurred during a single criminal transaction, precluding the trial court from applying the Three Strikes Law to both counts.

"[A]n appellate court can address an appellant's challenge to the legality of his sentence even if that issue was not preserved in the trial court; in fact, an appellate court may raise and address such an issue *sua sponte*." ***Commonwealth v. Hill***, 238 A.3d 399, 407 (Pa. 2022). Whether Appellant erroneously received multiple enhancements is a pure issue of law that implicates the legality of his sentence. ***See Commonwealth v. McClintic***, 909 A.2d 1241, 1245 (Pa. 2006).

We find merit in the issue raised by the Commonwealth. Under the Three Strikes Law, a trial court may impose a mandatory minimum term if, at the time of the commission of the current offense, the defendant has "previously been convicted of two or more such crimes of violence arising from separate criminal transactions[.]" 42 Pa.C.S.A. § 9714(a)(2).

Our Supreme Court has construed the Three Strikes Law as permitting only a single enhancement of one count in each "criminal transaction," even if multiple qualifying offenses were committed therein. ***See McClintic***, 909 A.2d at 1251 (reversing Three Strikes enhancements as to related burglary and robbery counts because the legislature intended for them to apply "for all crimes arising from a criminal transaction, rather than for each individual crime within such transaction.").[5] For the purposes of the Three Strikes Law,

---

[5] This limitation does not apply to the "second-strike" provision of the Sentencing Code, 42 Pa.C.S.A. § 9714(a)(1). ***See Commonwealth v. Fields***, 107 A.3d 738, 742-44 (Pa. 2014) (holding that second strike recidivist offenders may receive enhanced sentences for each offense committed in a single criminal transaction).

offenses occur in the same criminal transaction if they share a logical and temporal relationship. **See generally Commonwealth v. Bradley**, 834 A.2d 1127, 1134 (Pa. 2003).

In this case, pursuant to the Third Strike Law, the trial court enhanced Appellant's sentence on two counts, robbery and burglary. These offenses were logically and temporally connected by the fact that they both took place during a home invasion that lasted no longer than 15 minutes. The trial court therefore erred by enhancing the sentence as to both offenses because they were committed during a single criminal transaction. **See McClintic**, 909 A.2d at 1251. To remedy this illegality, the judgment of sentence must be vacated and Appellant must be resentenced.

Judgment of sentence vacated. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/07/2023