J. S36029/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JASON DANIEL ARTZ | : | |
| | : | |
| Appellant | : | No. 919 MDA 2015 |

Appeal from the Judgment of Sentence April 14, 2015
In the Court of Common Pleas of Cumberland County
Criminal Division No(s): CP-21-CR-0003015-2014

BEFORE: MUNDY, J., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 09, 2016**

Appellant, Jason Daniel Artz, appeals from the Judgment of Sentence entered on April 14, 2015, in the Cumberland County Court of Common Pleas. Following a trial, the jury convicted Appellant of one count of Harassment,[1] a third degree misdemeanor. The trial court sentenced Appellant to a term of one week to one year of incarceration in the Cumberland County Prison, to pay the costs of prosecution, and a fine of $100.00. In addition, the court ordered Appellant to have no contact either directly or indirectly with any party to this case, including the victim, Corporal Douglas Howell, or any members of his family, and to undergo a

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2704(a)(4).

mental health evaluation and comply with any recommended treatment. We

affirm.

The trial court set forth the facts and procedural history as follows:

The present matter concerns [Appellant's] arrest and conviction for Harassment, a misdemeanor of the third degree, stemming from a phone call that [Appellant] made to Corporal Howell on August 20, 2014. On the date in question, an unnamed male called the Pennsylvania State Police Barracks in Carlisle and asked to speak with Corporal Howell. After being informed that Corporal Howell was not working at the barracks, the caller was given a phone number where he could directly reach Corporal Howell. A short time later, on the same phone line that was given out by the State Police Barracks, Corporal Howell received a phone call from a blocked number. Corporal Howell testified that the entire phone call with the unnamed caller consisted of the following:

Hey Dougie, you said you were always going to be here, but you are not. You said you were always going to win, but now you lose. Fuck you, Dougie. Fuck you. Fuck you, Dougie. Fuck you, Dougie.

Furthermore, Corporal Howell testified that the caller spoke very loudly, and was "basically screaming into the phone." Because the phone call was made to Corporal Howell's direct number, it was not recorded by the State Police's recording system.

Although the caller did not state his name and the incoming number was blocked, Corporal Howell testified that he immediately recognized the voice as belonging to [Appellant] based on their numerous previous encounters; this was so despite the fact that Corporal Howell had not seen or spoken to [Appellant] in roughly two years. Corporal Howell also testified to the fact that he felt threatened by the phone call from [Appellant], specifically the portion where [Appellant] said "you said you were always going to win, but now you lose." Corporal Howell testified that he feared that [Appellant's] comments implied that [Appellant] would do something to "make me

lose." As a result of the phone call, Corporal Howell immediately called his family to warn them to look out for [Appellant], since Corporal Howell feared for their safety.

* * *

After the Commonwealth [ ] rested its case, [Appellant] took the stand and admitted that he was the unnamed caller who called both the Pennsylvania State Police Barracks and Corporal Howell on the day in question. Although [Appellant] admitted that he called Corporal Howell directly at a different station than the Pennsylvania State Police Barracks in Carlisle, rather than leave a message for him, he denied making the harassing statement as testified to by Corporal Howell. Instead, [Appellant] testified that the nature of his call was non-threatening, and he was simply trying to get Corporal Howell to leave him alone. Specifically [Appellant] said that he was concerned because he had seen unmarked police vehicles regularly drive past his home and stop at the end of the driveway, and he believed that Corporal Howell was responsible for these vehicles showing up at his home. The Commonwealth contradicted this statement on rebuttal. Trooper Timothy Janosco (hereinafter "Trooper Janosco") testified on rebuttal that he did drive past [Appellant's] home in an unmarked police vehicle, but that it was *after* [Appellant] had already placed the phone call to Corporal Howell. Furthermore, both Corporal Howell and Trooper Jansoco stated on rebuttal that they had not driven unmarked police vehicles past [Appellant's] home immediately prior to the August 20, 2014 phone call.

On the stand, [Appellant] also admitted that he had not had any dealings with Corporal Howell in approximately three years before this incident. [Appellant] further admitted he dialed "Star 67" before calling Corporal Howell on the day in question so that his phone number wasn't available to Corporal Howell.

At the close of evidence, [Appellant] made a Motion for Directed Verdict/Motion for Judgment of Acquittal, which was denied by the [c]ourt. Based on all of the evidence presented at trial, the jury found [Appellant] guilty of Harassment. [Appellant] filed Post-Sentence Motions,

- 3 -

including a Motion for Judgment of Acquittal, which was also denied. This appeal followed.

Trial Ct. Op., 9/2/15, at 2-5 (footnotes omitted).

Appellant raises the following four issues on appeal:

1. Did the trial court err when it denied Appellant's Motion for Judgment of Acquittal?

2. Was the verdict against the weight of the evidence warranting reversal or a new trial?

3. Even in the light most favorable to the Commonwealth, was [the] evidence insufficient to support the Harassment verdict charged under Section 2709(a)(4)?

4. Did the trial court err in denying Appellant's Motion for a new trial after allowing the Commonwealth to reopen its case to include the direct testimony of Deputy Sheriff Marshall and additional testimony of Cpl. Howell because the testimony was not related to the subject phone call and because it was unduly prejudicial?

Appellant's Brief at 9.

In his first issue, Appellant argues that the trial court erred in denying his Motion for Judgment of Acquittal. Appellant avers that the Commonwealth failed to present sufficient evidence that he had telephoned Corporal Howell with the "intent to harass, annoy, or alarm, plus the alleged language uttered was not lewd, lascivious, threatening, or obscene under the statute." *Id.* at 15. Appellant argues that, even accepting Corporal Howell's testimony as to the nature and content of the call as true, Appellant's words do not constitute harassment. *Id.* at 16. Appellant posits

that "Fuck you, Dougie" is not obscene language and "[n]othing in the alleged conveyance threatens to harm the complainant." *Id.*

"A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." *Commonwealth v. Foster*, 33 A.3d 632, 634-35 (Pa. Super. 2011). Therefore, our standard of review is to evaluate the record "in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." *Commonwealth v. Franklin*, 69 A.3d 719, 722 (Pa. Super. 2013) (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000)).

In the instant matter, in order to sustain its burden of proof, the Commonwealth was required to prove that ". . .with the intent to harass, annoy or alarm another, [Appellant]. . .communicated to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures. . ." 18 Pa.C.S. § 2709(a)(4). Appellant's "intent to harass may be inferred from the totality of the circumstances." *Commonwealth v. Cox*, 72 A.3d 719, 721 (Pa. Super. 2013).

In its Opinion in support of the guilty verdict, the trial court highlighted the evidence presented by the Commonwealth at trial. The court noted that Appellant "did not merely say 'fuck you' to an officer in the heat of the moment, but rather specifically sought out Corporal Howell after two years

of having no contact with him[.]" Trial Ct. Op. at 7. The testimony elicited at trial revealed that Corporal Howell interpreted Appellant's comment that "you said you were always going to win, but now you lose[ ]" as meaning that Appellant planned to do something to make him lose. Thus, the trial court concluded that "it was not merely the 'fuck you' language that made Corporal Howell feel threatened, it was the attendant circumstances and [Appellant] telling Corporate Howell that he would now 'lose,' which Corporal Howell believed was a threat to his or his family's safety. *Id.*

The trial court opined that, in light of the totality of the circumstances, the evidence was "sufficient to send the question to the jury to decide [ ] whether such language amounted to a threat under the circumstances. Such facts were equally sufficient for the jury to deduce, as they did, that such conduct by [Appellant] was obscene or threatening." *Id.* We agree.

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that the Commonwealth presented sufficient evidence—including Corporal Howell's testimony about the content and nature of the call he received from Appellant, the history of the parties' previous interactions, and the efforts to which Appellant went to seek out Corporal Howell and obfuscate his identity—for the jury to convict Appellant of Harassment.

In his second issue, Appellant argues his conviction was against the weight of the evidence because the jury disregarded the testimony of

Appellant and Appellant's character witnesses, and placed undue emphasis on the testimony of the Commonwealth's witnesses. Appellant claims that the jury "ignored the reasonable doubt created by testimony by Appellant and Appellant's character witnesses[.]" Appellant's Brief at 18.

When considering challenges to the weight of the evidence, we apply the following precepts:

> The weight of the evidence is exclusively for the finder of fact[,] who is free to believe all, none or some of the evidence and to determine the credibility of witnesses.
>
> Appellate review of a weight claim is a review of the exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence.
>
> One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Commonwealth v. Talbert***, 129 A.3d 536, 545-46 (Pa. Super. 2015) (internal quotation marks and citations omitted). Further, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." ***Id.*** at 546 (internal quotation marks and citation omitted).

Here, the trial court ruled against Appellant's weight of the evidence claim when it denied Appellant's Post-Sentence Motion. We conclude the trial court did not abuse its discretion when it found that its sense of justice was not shocked by the jury's determination that the testimony of Corporal Howell and Trooper Janosco was more credible than that of Appellant. Trial Ct. Op. at 8. Furthermore, it was not an abuse of discretion for the trial court to determine that the evidence that Appellant sought out Corporal Howell "in a secret, deliberate manner, after several years of not having contact with him and threatening the Corporal's safety" fully supported Appellant's conviction. *Id.*

Third, Appellant challenges the sufficiency of the Commonwealth's evidence in sustaining a conviction against him for Harassment. Appellant claims that, "even accepting complainant's recollection of the phone call as true, given the Commonwealth's status as the verdict-winner, there is no indication that Appellant intended to 'harass, annoy, or threaten."[2] Appellant's Brief at 21. Appellant alleges that the Commonwealth failed to prove beyond a reasonable doubt that Appellant had the "requisite intent of committing a harassing, alarming or annoying communication." *Id.*

---

[2] Appellant relies on *Commonwealth v. Fenton*, 750 A.2d 863 (Pa. Super. 2000), in support of his claim that yelling "Fuck you, Dougie" does not constitute Harassment under Section 2709(a)(4). We agree with the trial court that the holding in *Fenton* is not controlling of the instant matter. *See* Trial Ct. Op. at 6-7.

"Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Murray***, 83 A.3d 137, 151 (Pa. 2013). We review the evidence in the light most favorable to the verdict winner to determine whether there is sufficient evidence to allow the jury to find every element of a crime beyond a reasonable doubt. ***Commonwealth v. Cahill***, 95 A.3d 298, 300 (Pa. Super. 2014).

> In applying the above test, we may not weigh the evidence and substitute our judgment for the factfinder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Id.*** (citation omitted).

After reviewing the record, and as discussed ***supra***, we conclude the Commonwealth presented sufficient evidence to permit the jury to find every element of Harassment. As the trial court aptly noted,

> The Commonwealth presented competent evidence that the contents of the phone call were threatening to Corporal Howell, specifically in light of the anonymous nature of the call, the tone and volume of the call, and the fact that

Corporal Howell had not spoken to [Appellant] in two years. The circumstances surrounding the phone call, including [Appellant's] efforts to obtain Corporal Howell's phone number after having no contact with him for two years, the fact that [Appellant] blocked his phone number so that Corporal Howell could not see who was calling, and the loud tone that [Appellant] used when speaking, also support the finding that [Appellant] had the requisite intent to harass, annoy, or alarm Corporal Howell by making the call. [Appellant] achieved his goal because the phone call did alarm Corporal Howell such that he phoned his family because he felt their safety had been threatened. The jury clearly did not believe [Appellant's] testimony regarding his recollection of the phone call to Howell, which was well within its prerogative as the fact finder. The verdict was supported by sufficient evidence [ ].

Trial Ct. Op. at 10.

Fourth, Appellant argues the trial court erred when it denied Appellant's Motion for a New Trial after the trial court permitted the Commonwealth to reopen its case to permit Deputy Sheldon Marshall and Corporal Howell to testify about Appellant's conduct during trial. Appellant specifically claims that the testimony was not relevant and was unduly prejudicial. Appellant's Brief at 22-23.

The trial court summarized the facts as follows:

During trial, it was brought to the [c]ourt's attention that [Appellant] had made eye contact with Corporal Howell in the courtroom and mouthed the word "homo" to him during a sidebar. This fact was brought to the [c]ourt's attention after the Commonwealth had originally rested its case, but before [Appellant] opened his case. This [c]ourt found the proposed testimony to be relevant, and that the probative value outweighed any prejudice; accordingly this [c]ourt allowed the Commonwealth to reopen its case to call Corporal Howell and Deputy Sheriff Sheldon Marshall

(hereinafter "Deputy Marshall") to testify about [Appellant's] conduct and statements in the courtroom before [Appellant] opened his defense. Deputy Marshall testified that he does not know either [Appellant] or Corporal Howell personally, and that he witnessed [Appellant] make eye contact with Corporal Howell in the courtroom and mouth the word "homo" towards him [ ]. Deputy Marshall testified that Corporal Howell did nothing that would have caused [Appellant] to do this, and said nothing in return to [Appellant]. Corporal Howell testified that he felt threatened by [Appellant's] conduct. [Appellant] later testified that he made eye contact with Corporal Howell in the courtroom, but denied saying anything to him during the trial.

Trial Ct. Op. at 3.

The admission of evidence is within the sound discretion of the trial court and may only be reversed if it can be shown that the trial court abused its discretion. *Commonwealth v. Belknap*, 105 A.3d 7, 9-10 (Pa. Super. 2014) (citation omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Id.* at 10.

The Pennsylvania Rules of Evidence allow for the admission of evidence that is relevant. Pa.R.E. 402. However, a "court may exclude relevant evidence if its probative value is outweighed by the danger of . . . unfair prejudice . . ." Pa.R.E. 403.

The trial court explained its evidentiary ruling to admit the testimony about Appellant's courtroom behavior as follows:

> The testimony was allowed as to [Appellant's] intent toward Corporal Howell in "harassing" or "annoying" him. Corporal Howell had previously testified that [Appellant's] phone call on the day in question was unprovoked, since the two hadn't spoken in two years. Deputy Marshall testified that [Appellant's] actions in the courtroom were unprovoked. The evidence was not overwhelmingly prejudicial to [Appellant] in light of the fact that they jury was free to witness [Appellant's] conduct during trial and may have seen the conduct testified to anyway. The probative value of the evidence as to [Appellant's] intent outweighed any potential for prejudice.

*Id.* at 12.

We conclude that the trial court did not abuse its discretion in permitting the Commonwealth's witnesses to testify about Appellant's in-trial conduct. The trial court appropriately concluded that this evidence was relevant to Appellant's ongoing animus toward Corporal Howell and his intent to harass him at the time of the subject phone call. ***Cf. Commonwealth v. Collins***, 703 A.2d 418, 423 (Pa. 1997) ("Although evidence of a subsequent offense is usually less probative of intent than evidence of a prior offense, evidence of a subsequent offence can still show the defendant's intent at the time of the prior offense). Moreover, we agree with the trial court that the potential for prejudice did not outweigh the probative value of this testimony.

As Appellant is not entitled to relief on any of his claims, we affirm.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2016