J-S66033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MILTON D. RODRIGUEZ | |
| Appellant | No. 549 MDA 2016 |

Appeal from the Judgment of Sentence March 3, 2016
in the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003013-2015

BEFORE:  BOWES, J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:          **FILED SEPTEMBER 13, 2016**

Milton D. Rodriguez ("Appellant") appeals from a March 3, 2016 judgment of sentence entered in the Berks County Court of Common Pleas following his conviction for multiple counts of driving under the influence ("DUI").[1]  Appellant's counsel has filed an **Anders**[2] brief, together with a petition to withdraw as counsel.  We affirm the judgment of sentence and grant counsel's petition to withdraw.

We summarize the facts and procedural history of this case as follows. On February 10, 2015, police responded to Reservoir Road, Muhlenberg Township, Berks County, where they observed a white BMW automobile

---

[1] 75 Pa.C.S. § 3802(d)(1)(i), 75 Pa.C.S. § 3802(d)(1)(ii), 75 Pa.C.S. § 3802(d)(iii), and 75 Pa.C.S. § 3802(d)(2).

[2] **Anders v. California**, 386 U.S. 738 (1967).

stopped in the middle of the roadway. Appellant was unconscious in the driver's seat. Emergency medical personnel arrived on the scene, succeeded in waking Appellant, and transported him via ambulance to the hospital. During the ambulance drive, Appellant informed the emergency medical personnel that he had consumed Xanax, Oxycodone, Oxycontin, and three bags of heroin. At the hospital, police read Appellant an implied consent form, and Appellant verbally consented to a blood draw for chemical testing. The chemical testing later revealed morphine, heroin, and its metabolites in Appellant's blood.

On March 3, 2016, the trial court conducted a bench trial, found Appellant guilty of four counts of DUI, and sentenced Appellant to three to six months' incarceration with a credit for ninety (90) days' time served.[3] On March 4, 2016, Appellant filed a post-sentence motion alleging the verdicts were against the weight of the evidence. The trial court denied the motion on March 8, 2016. On April 5, 2016, Appellant filed a timely notice of appeal. On April 22, 2016, Appellant's counsel filed a statement of intent to file an *Anders* brief in lieu of a concise statement of matters complained of on appeal. *See* Pa.R.A.P. 1925(c)(4). On April 28, 2016, the trial court filed a statement in lieu of a Pa.R.A.P. 1925(a) opinion that simply concurred with counsel's assessment that Appellant's appeal lacked merit. *Id.*

_____

[3] The trial court sentenced Appellant on only one count of DUI. The remaining three DUI convictions merged for sentencing purposes.

As previously noted, Appellant's counsel has filed an application seeking to withdraw from representation pursuant to *Anders v. California* and its Pennsylvania counterpart, *Commonwealth v. Santiago*.[4] Before addressing the merits of Appellant's underlying issue presented, we must first pass on counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super.2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel must also provide a copy of the *Anders* brief to the appellant, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the Anders brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super.2007). Substantial compliance with these requirements is

---

[4] 978 A.2d 349 (Pa.2009).

sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super.2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super.2006).

Instantly, counsel filed a petition to withdraw as counsel. The petition states counsel drafted and filed an ***Anders*** brief after determining that there were no non-frivolous issues to be raised on appeal. ***See*** Petition to Withdraw as Counsel, p. 1. The petition further explains that counsel notified Appellant of the withdrawal request, supplied him with a copy of the ***Anders*** brief, and sent Appellant a letter explaining his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believed had merit. ***See*** Petition to Withdraw as Counsel, p. 2; Letter to Appellant, June 6, 2016, attached to Petition to Withdraw as Counsel. In the ***Anders*** brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal, provides citations to relevant case law, and states her conclusion that the appeal is wholly frivolous and her reasons therefor. Accordingly, counsel has substantially complied with the requirements of ***Anders*** and ***Santiago***.

As Appellant filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel, we review this appeal based on the issues of arguable merit raised in the ***Anders*** brief:

A. Whether the verdicts were against the weight of the evidence in that the testimony of Officer Waits was not credible concerning [Appellant's] consent to give blood and it was contradicted by the testimony of the lab assistant[?]

B. Whether the trial court erred in admitting testimony, over defense objection, of [Appellant's] statement made to emergency medical personnel[?]

***Anders*** Brief, p. 5.

Appellant's first claim challenges the weight of the evidence. ***See***

***Anders*** Brief, pp. 9-11. Our review of this issue is governed by the following standard:

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

***Commonwealth v. Widmer***, 744 A.2d 745, 751-52 (Pa.2000) (internal citations, quotations, and footnote omitted).

Stated differently, a court may award a new trial because the verdict is against the weight of the evidence only when the verdict is so contrary to the evidence as to shock one's sense of justice, "such that right must be given another opportunity to prevail." *Commonwealth v. Goodwine*, 692 A.2d 233, 236 (Pa.Super.1997). Moreover, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. *Widmer*, 744 A.2d at 753. When reviewing the trial court's determination, we give the gravest deference to the findings of the court below. We review the court's actions for an abuse of discretion. *Id.*

Here, the Commonwealth presented the testimony of Muhlenberg Township Police Officer James Waits and Cynthia Ann Culbreath-Williams, the phlebotomist who performed Appellant's blood draw, at trial. Officer Waits testified Appellant verbally consented to the blood draw. Ms. Culbreath-Williams, on the other hand, testified only to protocol and indicated that hospital protocol requires a signed consent to draw blood. "[T]he trier of fact[,] while passing on the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Levy*, 83 A.3d 457, 461 (Pa.Super.2013) (quoting *Commonwealth v. Williams*, 871 A.2d 254, 259 (Pa.Super.2005)). To the extent Officer Waits' and Ms. Culbreath-Williams' testimony presented minor inconsistencies, such minor inconsistencies are

for the finder of fact to resolve and do not warrant relief. ***See, e.g., Commonwealth v. Stokes***, 78 A.3d 644, 651 (Pa.Super.2013) (minor inconsistencies in testimony are for jury to resolve). The trial court heard and reviewed this testimony and, pursuant to its prerogative as finder of fact, resolved any inconsistencies in the Commonwealth's favor. This determination is adequately supported by the other evidence admitted during trial and does not shock this Court's sense of justice. Appellant's weight of the evidence claim fails.

Next, Appellant argues the trial court erred by admitting into evidence Appellant's statement to emergency medical personnel over Appellant's objection. ***See*** Anders Brief, pp. 11-12. This Court has stated the well-established standard of review for admission of evidence claims as follows:

> The admission or exclusion of evidence is within the sound discretion of the trial court, and in reviewing a challenge to the admissibility of evidence, we will only reverse a ruling by the trial court upon a showing that it abused its discretion or committed an error of law. Thus, [this Court's] standard of review is very narrow. To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

***Commonwealth v. Lopez***, 57 A.3d 74, 81 (Pa.Super.2012).

Hearsay is an out-of-court statement that a party offers in evidence to prove the truth of the matter asserted in the statement. Pa.R.E. 801. Generally speaking, hearsay is inadmissible at trial. Pa.R.E. 802. However, "[t]he medical treatment exception provides that testimony repeating out-of-court statements made for the purposes of receiving medical treatment

are admissible as substantive evidence." *Commonwealth v. Belknap*, 105 A.3d 7, 11 (Pa.Super.2014), *appeal denied*, 117 A.3d 294 (Pa.2015) (quoting *Commonwealth v. Fink*, 791 A.2d 1235, 1246 (Pa.Super.2002)).

Here, during active treatment, Appellant told emergency medical personnel who had found him unconscious that he had ingested Xanax, Oxycodone, Oxycontin, and heroin. The trial court properly admitted Appellant's statements under the medical treatment hearsay exception. Appellant's claim to the contrary fails.

Given the foregoing, Appellant's claims that his conviction was against the weight of the evidence and that the trial court erred by admitting his statement to emergency medical personnel fail. Further, our independent review of the record has revealed no non-frivolous claims that Appellant could have raised, and we agree with counsel that this appeal is wholly frivolous. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2016