J-S63041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ERASMO M. PIEDRA | |
| Appellant | No. 2926 EDA 2015 |

Appeal from the PCRA Order September 15, 2015
in the Court of Common Pleas of Chester County Criminal Division
at No(s):
CP-15-CR-0001234-2007
CP-15-CR-0001882-2007
CP-15-CR-0001922-2007
CP-15-CR-0001966-2007

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, J., and FITZGERALD,[*] J.

JUDGMENT ORDER BY FITZGERALD, J.:        **FILED SEPTEMBER 27, 2016**

*Pro se* Appellant, Erasmo M. Piedra, appeals from the order dismissing his second Post Conviction Relief Act[1] ("PCRA") petition as untimely. We affirm.

We adopt the facts and procedural history set forth in the PCRA court's opinions. **See** Rule 1925 Second Supplemental Op., 10/22/15, at 1-2; Rule 1925 Supplemental Op., 10/19/15, at 1-3; **see also** Order, 9/15/15, at 2 n.1.; **see generally Commonwealth v. Piedra**, 595 EDA 2013 (Pa. Super. Dec. 4, 2013) (affirming denial of Appellant's first PCRA petition);

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

***Commonwealth v. Piedra***, 323 EDA 2009 (Pa. Super. Oct. 5, 2010) (affirming Appellant's direct appeal). As noted by the PCRA court, Appellant's second petition, docketed on May 15, 2015, raised only one issue: a challenge to the discretionary aspects of his sentence. Following a Pa.R.Crim.P. 907 notice, Appellant filed a *pro se* response raising one additional issue: a claim that his sentence was illegal under ***Alleyne v. United States***, 133 S. Ct. 2151 (2013). The court formally dismissed Appellant's petition on September 15, 2015. Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement raising a host of additional issues that were not raised in his original petition or response to the Rule 907 notice.[2]

Before addressing the merits of Appellant's two preserved claims, we examine whether we have jurisdiction. ***See Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999). "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted). A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within

---

[2] It is well-settled those additional issues are waived because they were not first presented to the PCRA court. ***See*** Pa.R.A.P. 302.

60 days of the date the claim could have been presented." ***Commonwealth v. Copenhefer***, 941 A.2d 646, 648 (Pa. 2007) (citations and footnote omitted).

After careful review of the record, the parties' briefs, and the decision by the PCRA court, we affirm on the basis of the PCRA court's reasoning. ***See*** PCRA Ct. Order, 9/15/15, at 2 n.1; Order, 7/9/15, at 2 n.1 (holding (1) Appellant failed to plead and prove any one of the three timeliness exceptions to the one-year time bar; (2) challenge to discretionary aspects of sentence is not cognizable under PCRA; and (3) ***Alleyne*** does not apply retroactively to Appellant's case, as his judgment of sentence became final well before ***Alleyne*** was issued); ***see also Commonwealth v. Washington***, ___ A.3d ___, ___, 2016 WL 3909088 at *8 (Pa. July 19, 2016) (holding, "***Alleyne*** does not apply retroactively to cases pending on collateral review"). Having discerned no abuse of discretion or error of law, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2016

COMMONWEALTH OF PENNSYLVANIA   :   IN THE COURT OF COMMON PLEAS
CHESTER COUNTY, PENNSYLVANIA

vs.

NO. CP-15-CR-0001234-2007;1882-2007; 1922-07; 1966-2007

ERASMO M. PIEDRA
Appellant   :   CRIMINAL ACTION

Nicholas J. Casenta, Chief Deputy District Attorney for the Commonwealth
Erasmo M. Piedra, *pro se,* HS-1040, SCI- Pine Grove

Nagle, S.J.                October 19, 2015

## RULE 1925 SUPPLEMENTAL OPINION

We write briefly to address Appellant, Erasmo Piedra's second, untimely PCRA Petition. Appellant filed his second pro se PCRA petition on May 15, 2015. As discussed in the footnote to our Notice of Intent to Dismiss his second PCRA Petition filed pursuant to Pa. R. Crim. P. 907(1), Appellant had until March 30, 2012 to file a timely PCRA petition seeking collateral relief. His first PCRA petition, while timely, was dismissed following hearing, and our determination was affirmed on appeal by the Superior Court on December 4, 2013. *Commonwealth v. Piedra,* **No. 595 EDA 2013**.

We append our Notice to Dismiss Appellant's second PCRA petition to this Opinion for the Superior Court's convenience, in which we advised Appellant his second Petition was untimely, and that his claim as expressed in his second Petition was not cognizable under the PCRA. Appellant responded to our Notice on July 20, 2015, in which he raised the alleged illegality of his aggregate sentence based upon *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013), and his presumed entitlement to relief thereunder. On September 15, 2015, we issued our footnoted Order dismissing his second PCRA, in which we addressed again the untimeliness of his second Petition and discussed the inapplicability of *Alleyne* to Appellant's collateral appeal. We append a copy of our Dismissal Order to the instant Opinion for the Superior Court's convenience.

Appellant filed a timely pro se Notice of Appeal on September 28, 2015. Because the grounds for the instant appeal are clearly expressed in Appellant's Response to our Notice of Intent to Dismiss his second Petition, and reasons for our doing so are detailed in our footnoted Order and Notice, we did not require Appellant to file a Concise Statement of Errors Complained of on Appeal. We note that Appellant is not entitled to the appointment of counsel in a second untimely PCRA petition that does

2

not require an evidentiary hearing. *See Commonwealth v. Jackson, 965 A.2d 280, 283, citing Commonwealth v. Kubis,* 808 A.2d 196 (Pa.Super., 2002); *See also,* Pa. R.Cr.P. 904(c).

Respectfully submitted,

Ronald C. Nagle   S.J.

S:\Admin\NAGLE\Piedra, Erasmo, 2nd PCRA, NOTICE OF INTENT TO DISMISS PCRA PETITION.Docx

COMMONWEALTH OF PENNSYLVANIA   :   IN THE COURT OF COMMON PLEAS

                         :   CHESTER COUNTY, PENNSYLVANIA

          vs.            :

                         :   NO. CP-15-CR-0001234-2007;1882-2007; 1922-07; 1966-2007

                         :

ERASMO PIEDRA         :

Appellant          :   CRIMINAL ACTION

Nicholas J. Casenta, Chief Deputy District Attorney for the Commonwealth

Erasmo Piedra, pro se

## NOTICE OF INTENT TO DISMISS PCRA PETITION PURSUANT TO Pa.R.Crim.P. 907(1)

AND NOW, this _9 TH_ day of July, 2015, upon consideration of Erasmo Piedra's 2nd PCRA petition, filed on May 15, 2015, it appearing to the Court the Petition is not timely filed, and that no exception to the time requirement has been pled, and, further, that the claim asserted implicates a challenge to the discretionary aspects of sentencing, which is not cognizable under the Post Conviction Relief Act, this Court finds that it has no jurisdiction to consider the Petition, and, further, if jurisdiction existed, there are no genuine issues concerning any material fact that require

determination in an evidentiary hearing. Accordingly, we conclude that the Defendant/Petitioner, Erasmo Piedra (the "Defendant") is not entitled to post-conviction collateral relief, and that no purpose would be served by any further proceedings. As required by Pa.R.Crim.P. 907(1), the Court having so determined, the Defendant is hereby given NOTICE of the Court's intent to dismiss the Defendant's 2nd PCRA petition.

The Defendant may respond to this NOTICE in writing within twenty (20) days of the docketing of this Order. If the Defendant has not so responded, a subsequent Order will be entered by the Court dismissing the Defendant's PCRA petition. **That subsequent Order shall be a final appealable Order disposing of the Defendant's PCRA petition.**

If the Defendant responds in writing to this NOTICE, the Court will either: dismiss Defendant's PCRA petition; if warranted, grant him leave to file an amended petition; or, if warranted, direct that further proceedings be held.

The Clerk of Courts of Chester County is **ORDERED** to serve a copy of this Notice of Intent to Dismiss Defendant's PCRA petition on the following:

(a)    The District Attorney of Chester County.

     (b)    Defendant, Erasmo Piedra, SCI Pine Grove, 191 Fyock Road, Indiana, PA 15701 by **Certified Mail, Return Receipt Requested.**[1]

BY THE COURT:

_Ronald C. Nagle_ (signature)

Ronald C. Nagle     S.J.

---

[1] On May 23, 2008, Defendant was convicted by a jury of multiple counts of possession with intent to deliver a controlled substance and other drug-related charges. He appealed the judgment of sentence to Superior Court, which affirmed. The Pennsylvania Supreme Court denied allocator on March 30, 2011. *Commonwealth v. Piedra*, 15 A.3d 516 (Pa. Super., 2010, *appeal denied*, 610 Pa. 584, 19 A.3d 516 (2011). Accordingly, Defendant had until March 30, 2012 to file a PCRA petition seeking collateral relief. On March 30, 2012 Defendant filed a timely PCRA petition, and an amended petition on May 24, 2012, which we denied following hearing. The Superior Court affirmed dismissal of the petition on December 4, 2013. **No 595 EDA 2013.** If the PCRA petition is determined to be untimely, and no exception is pled and proven, the petition must be dismissed without hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. **Commonwealth v. Jackson**, 30 A.3d 516 (Pa. Super., 2011), appeal denied, 47 A.3d 845 (Pa., 2012). Instantly, Defendant's petition does not aver an exception to the PCRA's time requirement. **See** 42 Pa.C.S.A. §9545.

Further, even were the petition timely, Defendant's petition challenges the discretionary aspects of his sentence, claiming his crimes, collectively considered, constituted his first drug offence, and that the sentence imposed was an abuse of the court's discretion. Challenges to discretionary aspects of sentence that do no implicate the legality of sentence are not cognizable under the PCRA, **Commonwealth v. Wrecks**, 934 A.2d 1287 (Pa.Super.,2007)

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
: CHESTER COUNTY, PENNSYLVANIA

vs. :
: NO. CP-15-CR-0001234-2007;1882-
: 2007; 1922-07; 1966-2007

ERASMO M. PIEDRA :
Appellant : CRIMINAL ACTION

Nicholas J. Casenta, Chief Deputy District Attorney for the Commonwealth
Erasmo M. Piedra, *pro se*, HS-1040, SCI- Pine Grove

## ORDER OF COURT

AND NOW, this 16th day of September, 2015 the

Petitioner/Defendant, Erasmo Piedra's second PCRA Petition, filed on

May 15, 2015 is hereby **DISMISSED**[1].

The Petitioner/Defendant is advised that this is a final Order

disposing of his second PCRA petition, and that he has thirty (30) days

from the date of this Order to file an appeal to the Superior Court of

Pennsylvania, with the Clerk of Courts of Chester County.

The Clerk of Courts of Chester County is **ORDERED** to serve a

copy of this Order upon the following:

(a) District Attorney of Chester County.

(b) Defendant - by **Certified Mail, Return Receipt Requested**.

BY THE COURT:

_Ronald C. Nagle_     S.J.

---

[1] Petitioner, Erasmo Piedra responded on July 20, 2015 to this court's Notice of Intent to dismiss his second PCRA Petition. Petitioner's second petition advanced the claim that the aggregate sentence we imposed of 17 to 30 years imprisonment was an abuse of discretion and greater than the lawful maximum because his criminal conduct was comprised of a series of drug offenses originating out of a single criminal enterprise for which he was collectively tried, and should, therefore, have collectively "constituted his first drug offense". PCRA Petition, para. 5(A). We advised Petitioner that his second petition was untimely, and that his petition did not aver an exception to the PCRA's one-year limitations period.

In his Response to the court's Notice of Intent to Dismiss, Petitioner expressly raises a challenge to the legality of 18 Pa.C.S.A. §7508 under which he was sentenced, claims as a consequence he is serving an illegal sentence, seeks leave to amend his petition to permit a challenge to his sentence pursuant to *Alleyne*, infra, and invokes the applicability of the PCRA's 60-day time-bar statutory exception to the one-year jurisdictional time bar. 42 Pa.C.S.A. §9545(b)(2). A PCRA petition invoking one of the statutory exceptions must "be filed within 60 days of the date the claim could have been presented". Petitioner's Response does identify the Section 9545 exception that is alleged to apply to his case or the factual basis supporting the exception. 42 Pa.C.S.A. §9545(b)(1)(i)-(iii).

Petitioner was sentenced under 18 Pa.C.S.A. § 7508(a)(iii), including 4 separate mandatory minimum sentences imposed following his conviction by a jury arising from separate Informations charging PWID. Section 7508 has subsequently been held to be unconstitutional. **See** *Commonwealth v. Cardwell*, 105 A.3d 748 (Pa. Super., 2014). Petitioner now seeks PCRA relief on a claim premised upon the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151, 2155 (2013) (holding that, to comply with dictates of the Sixth Amendment, facts that increase a mandatory minimum sentence are elements of the offense and must be submitted to the jury and proven beyond reasonable doubt), and several subsequently issued Pennsylvania appellate court decisions applying *Alleyne*. Petitioner did not raise an *Alleyne* claim *in hoc verba* in his second PCRA petition. Although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition. *Commonwealth v. Fahy, 558 Pa. 313, 737 A.2d 214 (1999)*. The filing mandates of the PCRA are jurisdictional in nature and are strictly construed. *Commonwealth v. Stokes, 598 Pa. 574, 959 A.2d 306, 309 (2008)*. The procedural Rules contemplate that amendments to pending PCRA petitions are to be "freely allowed to achieve substantial justice." *Pa.R.Crim.P. 905(A)*. However, even were Petitioner permitted to amend his petition to plead an exception to the one-year time bar, *Alleyne* and its Pennsylvania progeny would not apply retroactively to Petitioner's case since it was not pending on direct appeal when *Alleyne* was issued. *Commonwealth v. Newman, 99 A.3d 86(Pa. Super., 2014)*. On direct appeal, the Superior Court affirmed Petitioner's judgment of sentence on October 5, 2010, and the Pennsylvania Supreme Court denied allocator on March 30, 2011, well before the decision in *Alleyne* was issued. *Commonwealth v. Piedra*, 15 A.3d 516 (Pa. Super., 2010), appeal denied, 610 Pa. 584, 19 A.3d 1050 (2011).

The exception set forth in Section 9545(b((1)(iii), which presumably Petitioner is asserting, applies only where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided for in this section and has been held by that court to apply retroactively" . Neither the United States Supreme Court nor our

Supreme Court has held that *Alleyne* applies retroactively to cases on collateral review. **See** *Commonwealth v. Miller, 102 A.3d 988, 995 (Pa. Super., 2014)*. Therefore, we are without jurisdiction to entertain Petitioner's second PCRA petition because it is facially untimely to which no exception to the time –bar applies.

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
                                    : CHESTER COUNTY, PENNSYLVANIA

                    vs.                 : NO. CP-15-CR-0001234-2007; 1882-2007; 1922-07; 1966-2007

ERASMO M. PIEDRA         :
     Appellant            : CRIMINAL ACTION

Nicholas J. Casenta, Chief Deputy District Attorney for the Commonwealth
Erasmo M. Piedra, *pro se,* HS-1040, SCI- Pine Grove

Nagle, S.J.                               October 19, 2015

## RULE 1925 SECOND SUPPLEMENTAL OPINION

We write briefly to supplement our Rule 1925 Supplemental Opinion issued on October 19, 2015. On October 21, 2015, we received in chambers, via the Clerk of Courts' office, Appellant's Concise Statement of Matters Complained of on Appeal. I have reviewed the statement issued by Appellant, in which he raises multiple issues not previously raised in this second PCRA petition. In addition to the issues raised in his second PCRA petition, Appellant's concise statement now raises for the first time additional claims, including those challenging the constitutionality of the PCRA statute with respect to the 60-day exception

to the one-year filing requirement, and the statute's alleged disparate impact on illiterate, non- English speaking petitioners. **See** 42 Pa. C.S.A. §9545(b)(1)(i)-(iii). We find it unnecessary to address those and the other issues raised in the Concise Statement since we are without jurisdiction to do so. We have previously addressed the time limitations applicable to Petitioner's second PCRA petition, and have concluded his petition is untimely filed. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. This rule applies regardless of the nature of the individual claims asserted. *Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted). Further, as the issues raised in the Concise Statement were not raised in Appellant's second PCRA, or in his response to our Notice to Dismiss, I respectfully submit those Errors Complained of on Appeal are waived. See Pa.R.A.P. 302(a).

Respectfully submitted,

Ronald C. Nagle                    S.J.

2