NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ERIC MICHAEL FULLER | : | |
| | : | |
| Appellant | : | No. 388 WDA 2020 |

Appeal from the Judgment of Sentence Entered February 13, 2020
In the Court of Common Pleas of McKean County
Criminal Division at No(s):  CP-42-CR-0000578-2018

BEFORE:  SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY KING, J.:                              FILED JANUARY 28, 2021

Appellant, Eric Michael Fuller, appeals from the judgment of sentence entered in the McKean County Court of Common Pleas, following his jury trial convictions for statutory sexual assault, involuntary deviate sexual intercourse ("IDSI"), sexual assault, indecent assault, endangering welfare of children ("EWOC"), and corruption of minors.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. Appellant's son, H.F. ("Child"), was born in 2012.  On July 11, 2018, Child told his maternal grandparents that Appellant had sexually molested him.  Child's maternal grandparents informed law enforcement about the allegation.  On July 19, 2018, Child appeared at the McKean County Children's Advocacy

_____

[1] 18 Pa.C.S.A. §§ 3122.1(b), 3123(b), 3124.1, 3126(a)(7), 4304(a)(1), and 6301(a)(1)(i), respectively.

Center for a forensic interview. At that time, Child reiterated the molestation allegations against Appellant.

Smethport Borough Police Department Officer Shane Miller interviewed Appellant on August 1, 2018 and September 26, 2018. During the first interview, Appellant denied having any inappropriate contact with Child. During the second interview, however, Appellant conceded "that there was one particular incident" where "he accidentally touched his son's penis." (N.T. Trial, 11/1/19, at 95). On January 2, 2019, the Commonwealth filed a criminal information charging Appellant with multiple sex offenses.

On February 8, 2019, the Commonwealth filed a motion seeking a hearing pursuant to the "tender years" hearsay statute, 42 Pa.C.S.A. § 5985.1. The Commonwealth intended "to present [Child's] out-of-court statements as evidence through the witnesses the victim made the statements to…." (Motion, filed 2/8/19, at ¶4). The Commonwealth requested that the trial court "hold [an] in camera hearing to determine whether the hearsay evidence is admissible in future proceedings and whether the child is unavailable." (Id. at ¶6).

The court conducted a hearing, which included an in camera interview with Child, on May 15, 2019. By order and opinion entered June 4, 2019, the court granted the Commonwealth's motion in part. Specifically, the court deemed Child competent to testify in the courtroom. The court determined that Child's July 2018 statements to his maternal grandparents and the video

footage of the forensic interview were admissible, "provided that [Appellant] has a proper opportunity to conduct cross-examination of Child after presentation of said statements." (Order, entered 6/4/19, at ¶3). The court also declined to admit additional statements Child made to his mother and maternal grandmother.

Appellant proceeded to trial, and a jury convicted him of statutory sexual assault, IDSI, sexual assault, indecent assault, EWOC, and corruption of minors. On February 13, 2020, the court sentenced Appellant to an aggregate term of seventy-two (72) to one hundred eighty (180) months' imprisonment. Appellant did not file post-sentence motions.

Appellant timely filed a notice of appeal on March 6, 2020. On March 18, 2020, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant subsequently complied.

Appellant now raises eight issues for our review:

> Whether the evidence presented by the Commonwealth was insufficient as a matter of law to establish Appellant's guilt beyond a reasonable doubt as to each and every element of count 1, statutory sexual assault. Specifically, was the evidence insufficient to prove beyond a reasonable doubt that Appellant engaged in sexual intercourse with penetration, however slight, of the complaining witness?

> Whether the evidence presented by the Commonwealth was insufficient as a matter of law to establish Appellant's guilt beyond a reasonable doubt as to count 2, sexual assault? Specifically, was the evidence insufficient to prove beyond a reasonable doubt that Appellant engaged in sexual intercourse or deviate sexual intercourse with the

complaining witness?

Whether the evidence presented by the Commonwealth was insufficient as a matter of law to establish Appellant's guilt beyond a reasonable doubt as to count 3, indecent assault? Specifically, was the evidence adduced at trial insufficient to prove that Appellant had indecent contact with the complaining witness for the purpose of arousing or gratifying his own sexual desire?

With respect to count 3, was the evidence presented at trial insufficient as a matter of law to prove beyond a reasonable doubt that Appellant touched the sexual or intimate parts of the complaining witness with Appellant's sexual or intimate parts.

Whether the evidence presented by the Commonwealth was insufficient as a matter of law to establish Appellant's guilt beyond a reasonable doubt as to count 4, [EWOC], specifically whether Appellant knowingly endangered a child by violating a duty of care or support.

Whether the evidence presented by the Commonwealth was insufficient as a matter of law to establish Appellant's guilt beyond a reasonable doubt as to count 5, corruption of minors, as the evidence presented by the Commonwealth was insufficient to prove each and every element of the other crimes charged beyond a reasonable doubt?

Whether the evidence presented by the Commonwealth was insufficient as a matter of law to establish Appellant's guilt beyond a reasonable doubt as to count 6, [IDSI], where there was no evidence presented that Appellant penetrated the mouth or anus of the complaining witness with his penis or any physical object?

Whether the court erred in admitting out of court statements of the child during a recorded interview and to another person in violation of the prohibition against hearsay?

(Appellant's Brief at 8-10).

In his first seven issues, Appellant contends the Commonwealth's

- 4 -

primary evidence came in the form of Child's testimony and out-of-court statements.[2] Appellant insists this evidence was insufficient to support his statutory sexual assault conviction, because "there was virtually no evidence offered by the Commonwealth that Appellant had engaged in any penetration of" Child. (Id. at 18-19). Regarding IDSI, indecent assault, and sexual assault, Appellant asserts Child's statements did not demonstrate "the performance of an act of sexual intercourse per os" or "that Appellant touched the sexual or intimate parts" of Child. (Id. at 19). Appellant also claims the Commonwealth failed to establish the element of "indecent contact," where there was no evidence that related to arousal or gratification.

Because the Commonwealth's evidence did not establish the commission of any sex offenses, Appellant posits that the Commonwealth also failed to prove EWOC and corruption of minors. Further, Appellant emphasizes that he "offered a reasonable and good faith explanation for how incidental contact with his son's penis may have occurred." (Id. at 20-21). Appellant maintains incidental contact with a child's genitals does not constitute a crime. Appellant concludes the Commonwealth presented insufficient evidence for the jury to find each element of each crime beyond a reasonable doubt. We

---

[2] Although Appellant's statement of questions lists seven discrete challenges to the sufficiency of the evidence, the argument section of his brief combines these challenges into one analysis section. See Pa.R.A.P. 2119(a) (mandating that argument section of brief shall be divided into as many parts as there are questions to be argued). Thus, we address Appellant's claims together.

disagree.

Our standard of review for sufficiency claims is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Tucker, 143 A.3d 955, 964 (Pa.Super. 2016), appeal denied, 641 Pa. 63, 165 A.3d 895 (2017) (quoting Commonwealth v. Hansley, 24 A.3d 410, 416 (Pa.Super. 2011)).

The Crimes Code sets forth the elements of first-degree felony statutory sexual assault as follows:

> § 3122.1. Statutory sexual assault
>
> &ast;  &ast;  &ast;
>
> (b) Felony of the first degree.—A person commits a felony of the first degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is 11 or more years older than the

- 6 -

complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3122.1(b). The Crimes Code defines "sexual intercourse" as follows: "In addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required." 18 Pa.C.S.A. § 3101.

The Crimes Code defines IDSI of a child as follows:

> § 3123. Involuntary deviate sexual intercourse
>
> *   *   *
>
> (b) Involuntary deviate sexual intercourse with a child.—A person commits involuntary deviate sexual intercourse with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age.

18 Pa.C.S.A. § 3123(b).

> [I]n order to sustain a conviction for [IDSI], the Commonwealth must establish the perpetrator engaged in acts of oral or anal intercourse, which involved penetration however slight. In order to establish penetration, some oral contact is required. See Commonwealth v. Trimble, [615 A.2d 48 (Pa.Super. 1992)] (finding actual penetration of the vagina is not necessary; some form of oral contact with the genitalia is all that is required). Moreover, a person can penetrate by use of the mouth or the tongue.

Commonwealth v. L.N., 787 A.2d 1064, 1070 (Pa.Super. 2001), appeal denied, 569 Pa. 680, 800 A.2d 931 (2002) (some internal citations omitted).

The Crimes Code defines sexual assault as follows:

> § 3124.1. Sexual assault
>
> Except as provided in section 3121 (relating to rape) or

3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent.

18 Pa.C.S.A. § 3124.1.

The Crimes Code defines indecent assault of a person less than 13 years of age, in relevant part, as follows:

§ 3126.  Indecent assault

(a)  Offense defined.—A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

\*    \*    \*

(7)  the complainant is less than 13 years of age[.]

18 Pa.C.S.A. § 3126(a)(7).  "Indecent contact" is "[a]ny touching of the sexual or other intimate parts of the person for the purposes of arousing or gratifying sexual desire, in any person."  18 Pa.C.S.A. § 3101.  Additionally, "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses."  Commonwealth v. Castlehun, 889 A.2d 1228, 1232 (Pa.Super. 2005).

The Crimes Code defines EWOC, in relevant part, as follows:

§ 4304.  Endangering welfare of children

(a)  Offense defined.—

(1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

18 Pa.C.S.A. § 4304(a)(1). The Commonwealth must prove the following to sustain an EWOC conviction: (1) the accused was aware of his duty to protect the child; (2) the accused was aware that the child was in circumstances that could threaten the child's physical or psychological welfare; and (3) the accused has either failed to act or has taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare. Commonwealth v. Bryant, 57 A.3d 191, 197 (Pa.Super. 2012).

Finally, the Crimes Code defines corruption of minors as follows:

§ 6301. Corruption of minors

(a) Offense defined.—

(1)(i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6301(a)(1)(i).

Instantly, the Commonwealth presented testimony from Child, who was seven years old at the time of trial. (See N.T. Trial, 11/1/19, at 50). After questioning Child about his school and family members, the prosecutor asked,

"[D]id something happen with daddy that you told Nana[3] about?" (Id. at 52). Child ultimately responded, "He put his mouth on my pee-pee." (Id. at 53). Child indicated that the incident occurred at "home," and Appellant "said not to tell Nana." (Id.)

On cross-examination, Child testified that his parents sometimes argued, and his mother would yell at Appellant if he failed to do certain chores. (Id. at 59-60). Child also admitted that his mother no longer liked Appellant. (Id. at 63-64). Nevertheless, Child denied that Maternal Grandmother harbored any animus toward Appellant. (Id. at 63). Child also denied that Maternal Grandmother had told him what to say. (Id. at 65).

After presenting Child, the Commonwealth called Maternal Grandmother. Maternal Grandmother described Child's statements from July 11, 2018 as follows:

> It was probably about 9:30, [Child] was going to go to kindergarten that year and we were talking about stranger danger and don't ever let anyone touch you or do anything to you, and he leaned back and he says, Nana—
>
> \*    \*    \*
>
> And [Child] said, Nana, daddy put his mouth on my pee-pee, and I just waited a couple seconds and asked if there was anything else daddy did. Daddy hits me in the head with his pee-pee and then he rubs it in my hair, and [Child] said, and he leans back and his eyes go back in his head and his mouth is like this.

_____

[3] Child refers to Maternal Grandmother as "Nana." (See N.T. Trial, 11/1/19, at 51).

> And then I asked if daddy—did daddy ask you to do anything
> to him?  And he said, daddy wants me to kiss his pee-pee,
> but I told him that was gross.

(Id. at 74).  Maternal Grandmother confirmed that "pee-pee" is the word Child uses to refer to his penis.  (Id. at 75).

The Commonwealth also called Officer Miller, who testified about Appellant's two interviews with police.  Although Appellant denied having any inappropriate contact with Child during the first interview, he subsequently conceded "that there was one particular incident" where "he accidentally touched his son's penis."  (Id. at 95).  Appellant estimated that the incident occurred in June 2018.  (Id. at 99).  Officer Miller read Appellant's formal statement into the record as follows:

> In the month of June I was trying to get my son ready for a
> bath downstairs in the basement where the garage and the
> bathroom are.  I got my son undressed and I was tickling
> him and I picked him up to—I'm assuming that's a—zerbert
> him on his belly.  He was moving around and I accidentally
> hit his—I think, hit his pee-pee when I zerberted him and it
> was only for a couple of seconds.

(Id. at 101).  Finally, Officer Miller provided Appellant's date of birth and indicated that Appellant was forty years old at the time of the incident.  (Id. at 102).[4]

_____

[4] The Commonwealth also presented testimony from Melinda Brown, the forensic interviewer at the McKean County Children's Advocacy Center.  With Ms. Brown on the witness stand, the Commonwealth played a recording of her July 19, 2018 interview with Child.  Although a copy of the recording was not included with the certified record on appeal, the parties' briefs summarize

Here, the evidence adduced at trial established that Appellant made contact with Child's penis. To the extent Appellant insists the contact was incidental, the jury rejected Appellant's explanation, and we will not substitute our judgment for the factfinder. See Tucker, supra. Regarding the elements of the offenses at issue, Appellant's oral contact with Child's penis established the elements of "sexual intercourse" and "penetration" necessary to support the convictions for statutory sexual assault, IDSI, and sexual assault. See L.N., supra; 18 Pa.C.S.A. § 3101.

Further, viewing the evidence in the light most favor to the Commonwealth as verdict winner, Child's statements to Maternal Grandmother provided circumstantial evidence that the contact was for the purpose of Appellant's own arousal or gratification. See 18 Pa.C.S.A. § 3101; 18 Pa.C.S.A. § 3126(a). Because the Commonwealth presented sufficient evidence to demonstrate the commission of the sex offenses, Appellant's bald assertion related to his EWOC and corruption of minors convictions also fails. See 18 Pa.C.S.A. § 4304; 18 Pa.C.S.A. § 6301(a)(1)(i). Therefore, Appellant is not entitled to relief on his sufficiency challenges.

In his final issue, Appellant contends his own trial testimony established that Maternal Grandmother interfered in his marriage and threatened to withhold access to Child if Appellant left the marriage. In light of Maternal

---

Child's allegations from the interview. (See Appellant's Brief at 13; Commonwealth's Brief at 4).

Grandmother's threat, Appellant claims "[t]he notion that the child initially made the [accusatory] statement to Maternal Grandmother is highly suspect." (Appellant's Brief at 24). Appellant emphasizes "[w]e do not know the context in which [Child's statement] was made, or whether it was prompted or elicited in some way." (Id.) Under these circumstances, Appellant argues that Child's July 2018 statements to the maternal grandparents do "not bear the indicia of reliability to warrant being admitted as substantive evidence at trial." (Id.) Appellant concludes the trial court erred in admitting Child's out-of-court statements to his maternal grandparents.[5] We disagree.

This Court's standard of review for issues regarding the admissibility of evidence is well settled:

> Questions concerning the admissibility of evidence are within the sound discretion of the trial court … [and] we will not reverse a trial court's decision concerning admissibility of evidence absent an abuse of the trial court's discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. [I]f in reaching a conclusion the trial court [overrides] or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

Commonwealth v. Belknap, 105 A.3d 7, 9-10 (Pa.Super. 2014), appeal denied, 632 Pa. 667, 117 A.3d 294 (2015) (internal citations and quotation

_____

[5] Appellant does not raise any argument regarding the admission of Child's out-of-court statements from the forensic interview.

marks omitted).

"Relevance is the threshold for admissibility of evidence." Commonwealth v. Tyson, 119 A.3d 353, 358 (Pa.Super. 2015) (en banc), appeal denied, 633 Pa. 787, 128 A.3d 220 (2015).

> Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or tends to support a reasonable inference or proposition regarding a material fact. Relevant evidence may nevertheless be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Commonwealth v. Danzey, 210 A.3d 333, 342 (Pa.Super. 2019), appeal denied, ___ Pa. ___, 219 A.3d 597 (2019) (internal quotation marks omitted).

Hearsay is an out-of-court statement made by a declarant, which a party seeks to offer into evidence to prove the truth of the matter asserted in the statement. Pa.R.E. 801(c). Generally, hearsay is not admissible except as provided by the Pennsylvania Rules of Evidence, by other rules prescribed by the Pennsylvania Supreme Court, or by statute. Pa.R.E. 802. "The rationale for the hearsay rule is that hearsay is too untrustworthy to be considered by the trier of fact." Commonwealth v. Charlton, 902 A.2d 554, 559 (Pa.Super. 2006), appeal denied, 590 Pa. 655, 911 A.2d 933 (2006).

"Exceptions have been fashioned to accommodate certain classes of hearsay that are substantially more trustworthy than hearsay in general, and thus merit exception to the hearsay rule." Id. "The tender years exception

allows for the admission of a child's out-of-court statement due to the fragile nature of young victims of sexual abuse." Commonwealth v. Kriner, 915 A.2d 653, 657 (Pa.Super. 2007) (quoting Commonwealth v. Fink, 791 A.2d 1235, 1248 (Pa.Super. 2002)). The statute governing the tender years exception provides, in relevant part:

§ 5985.1. Admissibility of certain statements

(a)　General rule.—

(1) An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any of the offenses enumerated in paragraph (2), not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:

(i)　the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(ii)　the child either:

(A)　testifies at the proceeding; or

(B)　is unavailable as a witness.

42 Pa.C.S.A. § 5985.1(a)(1).

"Any statement admitted under [Section] 5985.1 must possess sufficient indicia of reliability, as determined from the time, content, and circumstances of its making." Commonwealth v. O'Drain, 829 A.2d 316, 320 (Pa.Super. 2003). "The main consideration for determining when hearsay statements made by a child witness are sufficiently reliable is whether the

child declarant was particularly likely to be telling the truth when the statement was made." Commonwealth v. Lyons, 833 A.2d 245, 255 (Pa.Super. 2003), appeal denied, 583 Pa. 695, 879 A.2d 782 (2005). Factors the court may consider when determining reliability include, but are not limited to, "the spontaneity of the statements, consistency in repetition, the mental state of the declarant, use of terms unexpected in children of that age and the lack of a motive to fabricate." Commonwealth v. Delbridge, 578 Pa. 641, 675, 855 A.2d 27, 47 (2003).

Instantly, the trial court analyzed the reliability of Child's July 2018 statements to the maternal grandparents as follows:

> Child's statements to [Maternal Grandmother] on July 11, 2018 were spontaneous. Child was not apparently distressed at the time of disclosure. [Maternal Grandmother] did not provoke Child's response by asking any questions. After Child's statement, [Maternal Grandmother] asked Child to show what had happened between Child and [Appellant] using dolls. Child placed the dolls into an oral sex position. Child's statements to [Maternal Grandfather] that same day were near identical, showing a consistency in his repetition. The disclosure to [Maternal Grandfather] was prompted by [Maternal Grandmother] asking Child to repeat the story, but there was no pressure put upon Child to do so. There was no apparent motive to fabricate these allegations. Child used the term "pee-pee" to describe [Appellant's] penis, which is not unexpected for a child of five (5) years of age. These statements survive the analysis under the first prong of the Tender Years Hearsay Act.

(Trial Court Opinion, filed April 22, 2020, at 7). Here, the court adequately considered the relevant factors for determining the reliability of Child's out-of-court statements, the record supports its analysis, and we cannot say that

it abused its discretion in admitting the statements. See Delbridge, supra; Belknap, supra. Thus, Appellant is not entitled to relief on his final claim. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/2021